[No. 14092. Department Two. December 15, 1917.]

The State of Washington, *on the Relation of J. O. Secord,*
*Respondent,* v. Otis W. Brinker, *Justice of the Peace*
*for Seattle Precinct, King County, Appellant.*[1]

CERTIORARI—GROUNDS—REFUSING CHANGE OF VENUE—OBJECTIONS
BELOW. Certiorari lies to review the denial of a motion for change
of venue of an action commenced in the wrong county to which the
defendant was entitled as a matter of right, although the denial was
due to inadvertence in failing to call the trial court's attention to
the acceptance of service of the motion, and might have been cor-
rected in the court below without additional costs.

Appeal from a judgment of the superior court for King
county, Frater, J., entered February 6, 1917, granting a
change of venue, upon reviewing on certiorari an order of a
justice of the peace denying relator's motion therefor. Af-
firmed.

*Alfred H. Lundin* and *Frank P. Helsell,* for appellant.
*Fred C. Brown,* for respondent.

CHADWICK, J.—On October 9, 1916, appellant, a justice
of the peace in King county, Washington, issued a search
warrant under which certain liquor then kept at 651 and 652,
King street, in Seattle, was seized as contraband. On the 18th
day of October, 1917, the relator filed a motion to quash
the warrant and the return thereon. This motion was denied,
whereupon relator moved for a change of venue. This being
denied, he filed a demand for a jury trial. This being like-
wise denied, relator filed a petition in the superior court
setting up the record in the justice court, praying that a writ
of review issue, and asking that all proceedings in the justice
court be annulled and set aside. The petition for the writ
coming on for hearing, the trial judge ordered the files in the
search warrant proceedings to be returned to the justice,

[1]Reported in 169 Pac. 317.

with directions to enter an order directing a change of venue. The justice has appealed.

We think the only question calling for decision is whether a writ of review, or, as it is more frequently called, a writ of certiorari, is a proper remedy for the wrong suffered by the relator. One of the cases relied upon by the relator is *State ex rel. Griffith v. Superior Court,* 96 Wash. 41, 164 Pac. 516. In the case of *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, the propriety of invoking the jurisdiction of the appellate court in cases of this kind by petition for writ of certiorari was questioned. That the matter might be finally decided by the whole court, the case of *State ex rel. Griffith v. Superior Court, supra,* was set down for a rehearing *En Banc.* After a rehearing, a majority of the judges were of the opinion that the writ of certiorari may be applied for in such cases. *Post* p. 693, 169 Pac. 317.

The writer of this opinion believes that this holding is contrary to some of our former holdings, and tends to give to the writ of certiorari an office not contemplated by the act defining it, and that the *Griffith* case was wrongly decided and should have been overruled on rehearing. A majority of the judges hold a different opinion and, upon the authority of that case, the judgment of the lower court is affirmed.

ELLIS, C. J., MOUNT, MORRIS, and HOLCOMB, JJ., concur.