SANTALÍS ET AL., DEMANDANTES Y APELADOS, *v.* "EL ZENIT," DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en una acción en cobro de dólares.

MOCIÓN del demandado sobre traslado del caso.

No. 1903.—Resuelto en julio 8, 1919.

TRASLADO DEL PLEITO—CONVENIENCIA DE LOS TESTIGOS—ACCIONES PERSONALES.—Cuando la acción ejercitada es de carácter personal y la demandada amparándose en el artículo 82 del Código de Enjuiciamiento Civil archiva una excepción previa a la demanda solicitando al propio tiempo el traslado del caso a la corte de su domicilio, comete error la corte que niega el traslado bajo el fundamento de la conveniencia de los testigos, ya que no habiéndose contestado la demanda no se ha suscitado aún ninguna cuestión de hecho cuya comprobación requiera el examen de testigos.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. M. Benítez Flores* e *Ismael Soldevila.*

Abogado de los apelados: *Sr. Angel A. Vázquez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la demanda se ejercita una acción personal para hacer cumplir un contrato y fué presentada en la Corte de Distrito de Mayagüez. Emplazada la demandada compareció ante dicha corte formulando excepción previa a la demanda y por moción jurada solicitó el traslado del asunto a la Corte de Distrito de San Juan, Sección Segunda, fundada en que tiene su domicilio en la ciudad de San Juan donde, además, se celebró el contrato cuyo cumplimiento se reclama, y en la conveniencia de sus testigos. Esta moción fué acompañada de declaraciones escritas y juradas creditivas de tener una buena defensa.

Los demandantes se opusieron a la solicitud de traslado

alegando que la conveniencia de sus testigos requería que el caso continuase en la corte donde había sido presentada y la corte, sin tomar en consideración la cuestión de la residencia de la demandada, negó el traslado fundado en la conveniencia de los testigos, resolución que apeló la demandada.

Siendo personal la acción ejercitada en este pleito, habiendo demostrado la demandada que tiene su domicilio en la ciudad de San Juan y cumplido con el requisito del artículo 82 del Código de Enjuiciamiento Civil de hacer su petición al comparecer a contestar o al excepcionar la demanda, presentando también declaración jurada y fundada, debió la corte inferior acceder al traslado que se le pidió pues esa solicitud no podía ser resistida por los demandantes por el fundamento de la conveniencia de los testigos por ser prematura por no haber sido contestada la demanda. *Sánchez v. Atlas Commercial Co.* (pág. 61), y *Carlo v. Central Bayaney,* (pág. 229), resueltos por nosotros en febrero 14 y abril 4, respectivamente, de 1919.

La resolución apelada debe ser revocada.·

*Revocada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.