MUNICIPIO DE FAJARDO ET AL., DEMANDANTES Y APELADOS *v.* AXTMAYER ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Primero, en pleito sobre cobro de pesos contra principal y fiadores.

No. 2725.—Resuelto en mayo 11, 1923.

FIANZAS—CAUSA DE ACCIÓN—ALEGACIONES—INDEBIDA ACUMULACIÓN DE PARTES.—
Un contratista de obras celebró un contrato con el Comisionado del Interior para la construcción de un edificio para un municipio de la isla, y para garantir su fiel cumplimiento el contratista y dos fiadores suscribieron una fianza en la cual se estipulaba, entre otras cosas, que la misma quedaría en

vigor en caso de que el principal no pagara prontamente a los proveedores por el material suministrado. Uno de. éstos, juntamente con el municipio, estableció acción sobre la fianza contra principal y fiadores, fundada en dicha cláusula. *Se resolvió:* 1°., que no bastaba transcribir en la demanda la fianza, pues era necesario también transcribir el contrato mismo para informar a los fiadores de la naturaleza de la obligación; 2°., que hubo indebida acumulación de partes pues no aparecía qué interés tuviera el municipio en la acción, y que si alguna causa de acción tenía no podía acumularse a la que pudiera tener el proveedor; 3°., que no existía relación alguna contractual entre el proveedor y los fiadores, siendo aquél un extraño al contrato y a la fianza.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. S. Alegría.*

Abogado de los apelados: *Sr. H. G. Molina.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En una acción por virtud de una fianza, para que se determine esta causa de acción, si no para conferir jurisdicción a la corte, es absolutamente necesario que la condición de la obligación se alegue de algún modo en la demanda. En este caso no vemos que se haya hecho esto, aunque algo se acerca a esta finalidad.

Este es un caso cuyo objeto es obtener el pago de una suma de dinero de los fiadores y en el cual la corte inferior dictó sentencia contra ellos. En el cuerpo principal de la demanda se hace constar, en substancia, que Henry Axtmayer, firmó un contrato sobre la construcción de un edificio público; que para garantizar el fiel cumplimiento del contrato en todas sus partes y, entre otras cosas, el pago puntual por el contratista Henry Axtmayer a todos sus acreedores por materiales suplidos para dicha construcción, el referido Henry Axtmayer, en unión de sus fiadores, suscribieron el contrato. La fianza se hace formar parte de la demanda y en ella se dice que "La condición de la anterior obligación es tal, que por cuanto el susodicho Henry Axtmayer ha celebrado cierto contrato que aquí se acompaña con Guillermo Estéves, Comisionado del Interior para la isla de Puerto Rico. Por tanto, si dicho Henry Axtmayer cumple bien y

verdaderamente con todas las cláusulas y condiciones de dicho contrato y lleva a efecto todas las estipulaciones por él convenidas y que han de ser llevadas a cabo, y realiza toda la obra y proporciona todo el trabajo y material que se requiera, así como cualquiera y todos los cambios, adiciones, u omisiones en el mismo, que puedan hacerse aquí más adelante dentro del término especificado para su terminación, o dentro del término especificado en cualquier prórroga concedida para la terminación de dicho contrato, y verifica prontamente los pagos a todas las personas que le suministren ayuda o material en la prosecución de la obra que se trata de llevar a efecto por virtud de dicho contrato, entonces esta obligación será nula, de otro modo permanecerá en toda su fuerza y vigor.'' El contrato en cuestión no se acompaña a la fianza. Las palabras que se aproximan a la teoría de esta demanda son ''y verifica prontamente los pagos a todas las personas que le suministren ayuda o material en la prosecución de la obra que se trata de llevar a efecto por virtud de dicho contrato.'' La ''obra que se trata de llevar a efecto'' no se describe en el cuerpo principal de la fianza, ni el propio contrato se nos transcribe. El alegado contrato se supone que está anexo a la fianza, pero ni la demanda ni su *exhibit,* la fianza, transcriben esta condición esencial de la fianza. Conocemos solamente por posibles inferencias o probabilidades la naturaleza de la obligación principal en este caso. Este no es un mero aspecto técnico del caso. Por la fianza transcrita, en la cual descansa la demanda, no se informa a los fiadores de la naturaleza de la obligación. Tal vez si el Comisionado del Interior o el Municipio de Fajardo, que es la persona nombrada y en favor de quien la obligación se contrajo fuera la única actora, algo más podría decirse en favor de los demandantes, pero la teoría por virtud de la cual esta acción ha sido establecida y juzgada y se ha insistido en ella en esta corte, es que un proveedor de materiales, J. Ochoa & Hermano, tiene dere-

cho a recobrar de los fiadores en este caso. Por tanto, resulta mucho más evidente que dichos fiadores debieron haber sido informados ampliamente en cuanto a su supuesta relación con una persona que se admite, no comparece en el contrato o en la fianza pero que trata de aprovecharse de la condición especificada en la fianza.

El contrato se copia en las notas taquigráficas. Contiene esta cláusula, "Todos los gastos, tales como la compra de materiales, empleo o trabajo, viajes y cualesquiera otros gastos que se ocasionen al municipio de Fajardo o al Comisionado del Interior; los cuales, en la opinión del Comisionado del Interior son cargos razonables y justificables en este contrato, serán deducidos de cualquier dinero debido o que pueda deberse al contratista, parte que comparece en tercer lugar." "¿Fué retenido algún dinero?" los fiadores podrían preguntar y "¿Cuándo es que surge realmente nuestra obligación?" Esta es solamente una de las varias cláusulas del contrato, que los fiadores demandados tenían derecho a tener ante si cuando se alega un incumplimiento del contrato. La excepción previa formulada a la demanda debió haber sido declarada con lugar.

Los apelados podrían tal vez alegar ahora que no han venido los autos íntegros pero esto es algo acerca de lo cual debió haberse llamado la atención de esta corte antes de la vista.

Creemos asimismo que hubo una indebida acumulación de partes demandantes o de causas de acción que dependen del punto de vista desde el cual se considere el caso. Si la parte en favor de quien la obligación se contrajo, el municipio de Fajardo, tiene una causa de acción, entonces no es la misma causa de acción que Ochoa y Hermano podría o puede tener. La excepción previa de indebida acumulación de partes debió haber sido declarada con lugar. La razón para hacer al municipio parte demandante se verá luego.

Pasando ahora a los alegados fundamentos del caso como se desarrollaron en el juicio y en la vista, no podemos ver que el municipio de Fajardo haya probado ninguna causa de acción. El no tenía ningún contrato con Ochoa y Hno. Esta última no suministró material alguno al municipio. Los alegados materiales de estos proveedores eran para Henry Axtmayer. El contrato que Henry Axtmayer celebró fué con el Comisionado del Interior. Está muy lejos de poderse alegar que si Henry Axtmayer no pagó, Ochoa & Hno. podría recurrir al Municipio.

Una vez eliminado el municipio, el caso queda prácticamente comprendido en todos sus puntos en el de *Uy Tam & Uy Yet* v. *Leonard,* 30 Jurisprudencia de Filipinas pág. 492, citado con aprobación, en una opinión emitida por el Attorney General de Puerto Rico, la cual es como sigue:

"Tengo el honor de acusar recibo de su comunicación de agosto 19, 1919, relativa a la reclamación de los Sres. Korber & Co., por materiales suministrados al Sr. Henry Axtmayer en su contrato sobre construcción de un hospital para el municipio de Fajardo. He leído la carta del abogado de Korber & Co. en la que hace la petición formal de que requiera usted a los fiadores en la fianza del contratista para que verifique los pagos de las reclamaciones de los proveedores de materiales que no han sido satisfechas.

"Soy algo excéptico en cuanto al derecho de los proveedores de materiales por virtud de la fianza en cuestión; pero aceptando que estén cubiertas sus reclamaciones, es dudoso si el Comisionado del Interior en vez del Municipio de Fajardo debe hacer la reclamación de los fiadores. El Comisionado del Interior no es parte en la fianza.

"El caso idéntico presentado por el Sr. Molina ha sido considerado en el de *Uy Tam and Uy Yet* v. *Leonard,* 30 Jurisprudencia Filipina, página 492, en una clara y acabada opinión emitida por el Juez Sr. Trent. Estemos o no conforme con la opinión, podemos decir, en vista de las autoridades citadas en ella, que existe una fuerte posibilidad de las córtes de Puerto Rico en observar las conclusiones de la Corte Suprema de las Islas Filipinas, toda vez que descansa en un sistema de leyes que es más semejante al de

esta jurisdicción que cualquiera otro dentro de la jurisdicción de los Estados Unidos. Los hechos de ese caso son brevemente los siguientes:

"Los demandantes habían facilitado a los contratistas de la ciudad de Manila, piedra triturada por la cual no recibieron ningún pago. Los contratistas habían otorgado una fianza en la cual consta una cláusula idéntica a aquella por virtud de la cual se hace la reclamación en este caso.

"Se trató por los proveedores del material hacer que la ciudad de Manila figurara con ellos como demandante en una acción contra los fiadores y habiéndose negado a ello la ciudad, se le hizo parte demandada. La corte resolvió, con solo un voto disidente, que si bien los proveedores del material antes de facilitar la piedra al contratista habían manifestado su aceptación de la cláusula la que se alegaba estaba a su favor, por un escrito dirigido a la ciudad de Manila, sin embargo, ellos no estaban cubiertos por la fianza. La cláusula en cuestión fué interpretada como que meramente era una obligación en favor de la ciudad de Manila por cualesquiera daños que se causasen a dicha ciudad y que pudieran resultar del incumplimiento en pagar a los proveedores del material." Citada de una opinión del Attorney General de P. R. de agosto 14, 1919, emitida a solicitud del Hon. Comisionado del Interior de Puerto Rico y en relación con estos casos.

El apelado pretende diferenciar este caso de Filipinas diciendo que allí la persona a favor de quien la obligación se contrajo se negó a prestar su consentimiento al requerimiento hecho a los fiadores, pero la esencia de la decisión no depende de este consentimiento. No había relación contractual entre los fiadores y Ochoa & Hno. No existe precepto alguno en el Código Civil ni ninguna práctica a la cual se nos haya llamado la atención que diera derecho a Ochoa & Hno. a substituirse por la parte a favor de quien la obligación se contrajo, el municipio.

Como indica el juez señor Trent, el artículo 1257 del Código Civil 1224 de nuestro Código, supone previamente que fué la intención de las partes conferir a un tercero un derecho de acción.

Estas consideraciones pueden explicar la presencia del

municipio en este caso.    Está tratando de ayudar a los pro-
veedores de materiales.    Pero antes de que el municipio tu-
viera derecho a hacer responsable a los fiadores, debe probar
algún incumplimiento de una obligación que Henry Axtma-
yer tenía contraída con dicho municipio.

El contrato de Axtmayer era con el Comisionado del In-
terior.    El municipio trató por virtud de la fianza de hacer
cumplir a Axtmayer su obligación.    Ahora no sólo es un
tercero sino una cuarta persona quien trata de beneficiarse
por razón de la fianza.    No vemos ninguna justificación para
esta extensión de la obligación de un fiador.

Hemos considerado las cuestiones fundamentales en este
caso, pero volvemos a llamar la atención del abogado de que
no fué archivado ningún señalamiento de error, como exige
la regla 42.    Con la aglomeración de casos en nuestro ca-
lendario serán más frecuentes las desestimaciones a no ser
que los apelantes cumplan con las reglas.

Debe revocarse la sentencia y desestimarse la demanda.

*Revocada la sentencia apelada y desestimada
la demanda, sin costas.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-
ciados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la
resolución de este caso.