Antonio Benítez, Manuel Martorell y J. M. Colón, Promoventes, *v.* La Corte de Distrito de Humacao, Hon. Gabriel Castejón, Juez, y Eduardo Valladares, demandados.

No. 45.—*Sometido:* Diciembre 17, 1928. *Resuelto:* Mayo 7, 1929.

*F. Rodríguez Alverio,* abogado de los promoventes; *González Fagundo & González Jr.,* abogados del demandado Valladares.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Éste es un caso en que los peticionarios tenían claramente la oportunidad de apelar de una sentencia de la Corte de Distrito de Humacao, pero su intentada apelación fué desestimada. El auto inhibitorio preliminar fué expedido en este caso en vista de que los peticionarios alegaban que dicha corte de distrito carecía de jurisdicción para dictar su sentencia. En la petición se decía que los demandados en el pleito original eran los fiadores en una fianza a favor de El Pueblo de Puerto Rico, y que el demandante era un proveedor de materiales, quien no era parte en la fianza. La teoría original de la corte inferior fué que, como una de las condiciones de la fianza era que el contratista pagara a los proveedores, un proveedor individual podía instituir un procedimiento contra los fiadores.

Claramente existía una causa de acción a favor de El Pueblo de Puerto Rico, según se admite. No estamos muy

seguros de que no pueda entablarse un procedimiento por El Pueblo a beneficio de un proveedor. En este último caso, cuando el beneficiario instituye directamente el procedimiento, es posible que pueda renunciarse a la falta de la parte realmente demandante.

Algunos de los miembros de esta corte se inclinan al criterio de que un proveedor puede demandar directamente a los fiadores cuando el contratista ha prestado una fianza para el fiel cumplimiento de sus deberes a favor de El Pueblo de Puerto Rico, y ninguno de nosotros está preparado para decir que no debería prevalecer este criterio. El caso de *Municipio de Fajardo v. Axtmayer*, 31 D.P.R. 823, no es totalmente decisivo de la cuestión, toda vez que los hechos eran diferentes y el caso fué resuelto, por lo menos parcialmente sobre otros fundamentos.

Todas estas cuestiones pudieron haber sido resueltas en la apelación, la que resultó infructuosa; y en este recurso, en que no tenemos todos los procedimientos a la vista, por lo que no podemos decir con toda seguridad que la corte carecía de jurisdicción, no nos sentimos con derecho a anular su actuación.

La sección 3 de la ley de marzo 10, 1904, Leyes de ese año, página 132, que autoriza los autos inhibitorios, después de expresar la forma y método de expedir tales autos, dice:

"... *Disponiéndose,* que no podrá expedirse ningún auto inhibitorio para impedir cualquier resolución de tribunales inferiores que fuere revisable (propiamente) por medio de apelación."

Si bien hemos sido cuidadosos al interpretar estas palabras, para no destruir la intención de la ley expresada en alguna otra forma, creemos que cuando surge una sentencia y se pierde el derecho de apelar por culpa de las partes mismas, la acción de la corte inferior fué una "revisable (propiamente) por medio de apelación."

*El auto expedido debe ser anulado.*