MIGUEL MORALES, demandante y apelante, *v.* WILLIAM A. CHABERT, SILVERIO CASTRILLO ROSARIO y MANUEL SEBRIÁN DE LASALDE, demandados y apelados.

No. 4989.—*Sometido:* Abril 2, 1930. *Resuelto:* Febrero 16, 1932.

*Feliú & Lacosta,* abogados del apelante; *L. Llorens Torres y Samuel R. Quiñones,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

William A. Chabert contrató con el municipio de Carolina la construcción de un acueducto y para el fiel cumplimiento de ese contrato otorgó en unión de otras dos personas una fianza a favor del municipio en la cual se consignó que pagaría prontamente a las personas que le suministrasen materiales para el acueducto y la mano de obra.

Pasado el tiempo dentro del cual debía terminar la construcción, Miguel Morales demandó judicialmente al contratista y a sus fiadores para que le pagasen el valor de materiales que alega suministró al contratista y que fueron empleados en dicha obra, sin que su precio le haya sido pagado. Alegaron los dos fiadores demandados como excepción previa a la demanda que no aduce causa de acción en cuanto a ellos dos, que fué sostenida por la corte de distrito fundándose en nuestra decisión en el caso del *Municipio de Fajardo* contra *Axtmayer y otros,* 31 D.P.R. 823, y en el caso en él citado de *Uy Tam & Uy Yet* contra *Leonard,* Jurisprudencia Filipina tomo 30, página 493. Dictada sentencia absolutoria en cuanto a esos dos demandados, fué interpuesta esta apelación.

En el caso de Axtmayer, *supra,* un proveedor de materiales al contratista de una obra del municipio de Fajardo demandó en unión del segundo al contratista y a sus fiadores, que habían firmado una fianza en términos idénticos a los del caso presente, y este Tribunal Supremo revocó la sentencia condenatoria que contra ellos se había dictado, en-

tre otros motivos porque no existía relación contractual entre el vendedor de los materiales y los fiadores, habiendo tenido en cuenta el artículo 1224 de nuestro Código Civil y particularmente su segundo párrafo; artículo en que se consigna la regla general de que los contratos sólo producen efecto entre las partes que los otorgan y sus herederos, salvo en cuanto a éstos cuando los derechos y obligaciones no sean transmisibles por su naturaleza, por pacto o por disposición de la ley; disponiendo su segundo párrafo que si el contrato contuviese alguna estipulación en favor de un tercero, éste podrá exigir su cumplimiento, siempre que hubiese hecho saber su aceptación al obligado antes de que haya sido aquélla revocada.

En el caso de Filipinas, citado en el de Axtmayer, existía una fianza similar a la otorgada en este caso y en el de Axtmayer, y los proveedores de materiales, que habían notificado previamente al contratista y a sus fiadores que habían aceptado las condiciones de la fianza en lo relativo a los que habían de suministrar el material, demandaron su pago del contratista y de sus fiadores, y dicho Tribunal Supremo después de hacer un extenso y cuidadoso estudio del precepto del artículo 1257 de su Código Civil, igual al de España de donde procede aquella legislación y la nuestra, que está contenido en el artículo 1224 de nuestro Código Civil, y de examinar sus antecedentes históricos, las opiniones de varios comentaristas, entre ellos la de Manresa y Scaevola, así como la jurisprudencia estadual de los Estados Unidos, llegó a la conclusión de que una cláusula en una fianza de contratistas, otorgada solamente a favor de un municipio y que tiene por condición el pago de todo el trabajo y material, no puede interpretarse como una estipulación *pour autrui,* que puedan invocar los que han de suministrar el material: que la falta de palabras adecuadas que expresen que la fianza se otorga también en favor de los que han de suministrar el material demuestra que no hubo intención clara por parte de los contratantes de estipular en favor de aquéllos: y que

el hacer semejante interpretación de la fianza equivaldría igualmente a hacer caso omiso del artículo 1827 del Código Civil (igual al nuestro 1728) que exige que la fianza sea expresa y prohibe que se extienda a más de lo contenido en ella.

Dice el apelante que una sentencia de 30 de junio de 1920 del Tribunal Supremo de España, Jurisprudencia Civil, tomo 150, página 761, dictada después que la de Filipinas y antes que la de Axtmayer, ha resuelto reclamación de contratistas en sentido contrario a aquellas decisiones, pero esto no es así. Dicha sentencia no se funda en el segundo apartado del artículo 1257 de su Código Civil (nuestro 1224), pues la demanda no fué establecida contra fiadores sino contra el contratista y los dueños de la obra; y fundándose en el artículo 1597 del mismo texto legal (igual al 1500 nuestro) según el cual los que ponen su trabajo y materiales en una obra ajustada alzadamente por el contratista, no tienen acción contra el dueño de ella sino hasta la cantidad que éste adeude a aquél cuando se hace la reclamación, confirmó la sentencia que condenó al contratista a pagar las cantidades reclamadas y subsidiariamente a los dueños de la obra por lo que adeudaren a aquél.

Este pleito se rige por el Código Civil y no por el Código Político, como pretende el apelante al citar el artículo 426 del mismo, pues en ese precepto no se dice que los que suministren materiales o trabajo para las obras públicas tendrán derecho a cobrar de los fiadores.

Como cuestión distinta y adicional diremos que la única fianza otorgada en este caso lo fué días antes de que el contrato de construcción que trataba de garantizar fuese firmado, esto es sin que existiera la obligación principal que trataba de garantizar, por cuyo motivo es nula.

*Confirmada.*

El Juez Asociado Señor Hutchison disintió.*