[No. 26618. Department One.    April 16, 1937.]

THE STATE OF WASHINGTON, *on the Relation of D. S. Gamble, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

[1] Reported in 66 P. (2d) 1135.

128

*Meier & Meagher,* for relator.

*Revelle, Revelle & Kells,* for respondent.

MILLARD, J.—On September 9, 1931, Henry H. Shufeldt, a non-resident, recovered a judgment in the superior court for King county against John E. Savage and wife. That judgment still remains unsatisfied. On October 31, 1936, Shufeldt caused a writ of garnishment to be issued by the clerk of the superior court for King county, directed to D. S. Gamble, a resident of Brewster, in Okanogan county, which writ was served in Okanogan county, on Gamble November 23, 1936. Gamble, the garnishee defendant, who did not appear by counsel, filed an answer of no funds or effects December 21, 1936. On January 26, 1937, one of the attorneys for Shufeldt made an affidavit controverting Gamble's answer to the writ of garnishment. At the same time he prepared a note for the trial docket giving notice that the cause would be called up for setting for February 6, 1937. On January 26, 1937, and February 6, 1937, Gamble was in Nova Scotia, Canada. The papers were mailed to his Brewster address January 26, 1937, but, according to the affidavits of counsel, were not received by Gamble, who was still in Nova Scotia, prior to February 6, 1937, the date fixed for the setting of the cause for trial. On February 11, 1937, the papers were received in Seattle, on which date Gamble's attorney filed a motion for a change of venue from King county to Okanogan county, of which county Gamble is a resident. After hearing thereon, February 23, 1937, the motion was denied by a formal order entered February 25, 1937.

In this court, by original proceeding in certiorari, D. S. Gamble seeks review of the order of the superior court for King county denying to the relator a change of venue from King county to Okanogan county, the county of relator's residence.

We have consistently held that, where a party has a right, independent of the merits of the issues pending, to a trial in a particular place, an extraordinary legal remedy, such as certiorari, mandamus or prohibition, is the proper method of procedure to test that right in this court.

"While it may in general terms be referred to as a privilege, the claim for a change of venue, when once asserted, no question of fact being involved and no discretion of the court invoked, is more than a privilege; it is a right. It has been so held whenever and wherever this court has been called upon to pass upon the question. [Citing cases.]

"It would seem, if the statute grants a right that does not depend upon the merit of the case, but is independent of the merit of the case, that a litigant should not be put to the hazard, delay, and expense of a trial upon the merits as a prerequisite to the assertion of the right. In such cases, the court is called upon to deal with something more than 'simply a law of procedure and practice,' as was held by Judge Dunbar, and properly so, considering the record in the case of *State ex rel. Townsend Gas & El. L. Co. v. Superior Court,* 20 Wash. 502, 55 Pac. 933. It is a right made equivalent to the right to fix the venue of a local action under the statute, and when asserted should not be thrust aside as an incident or an error to be heard upon an appeal from a judgment on the merits. The terms 'speedy and adequate,' when applied to remedies, mean, or ought to mean, a remedy adequate and timely to review the particular error relied on, and not merely a remedy which depends upon a proper determination of the issues as defined by the pleadings, and such questions of practice and

procedure as may arise in bringing the case to issue, and trying out the facts.

"Wherefore it may be said, where there is a right to a trial in a particular place, which right is independent of the issue as tendered by the complaint, an adequate remedy means a trial in the first instance by a court having jurisdiction to hear and determine the merits.

"To rule otherwise would bring us to a holding that, although the right to a change depended in no way upon a controverted fact of residence, the defendant would have to meet the delay and expense of a trial, and possibly suffer a judgment (if he have clever counsel he would stand mute and make no defense to the merits), which we would be willing to sustain if we were free to do so. Before we could even consider the merit of the case, we would have to decide the question of venue, or the question of jurisdiction, and do that which ought to have been done in the first place, remand with directions to change the venue and retry the case; and for the reason that the court *did not have jurisdiction.* If we would have to so hold on appeal, why should we not say so now, the record being before us in the same form as it would come on appeal?

"It requires no argument to convince the writer that such a situation would be intolerable, and such as the law has sought to avoid by providing a means whereby the appellate court can keep the stream of justice flowing between its proper banks. By this proceeding, we may presume that one appeal will settle the merits of the case whatever the judgment of the court below may be. If we deny the writ, we may assume that, in a fair proportion of the cases, two appeals, one abortive and the other to the merit, will be necessary. This has always been the rule where the court below has ordered the venue of a case to another county." *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F, 905.

See, also, *State ex rel. Secord v. Brinker,* 99 Wash. 222, 169 Pac. 317, in which we held that certiorari lies to review the denial of a motion for change of venue

of an action commenced in the wrong county to which the defendant was entitled as a matter of right.

In *State ex rel. Stewart & Holmes Drug Co. v. Superior Court,* 67 Wash. 321, 121 Pac. 460, we reviewed, by certiorari, the same question that is presented in the case at bar—the right of a garnishee defendant to have the issues pending between him and the plaintiff in the cause tried in the county of his residence.

By the entry of the judgment by the superior court for King county in the main action, there was a disposition of the issues between plaintiff Shufeldt and the defendants Savage. The lone issue now pending is between Shufeldt and the garnishee defendant, relator Gamble. That issue is whether Gamble holds in his name shares of stock of certain corporations alleged by Shufeldt to belong to the Savages.

While the county where the main action is pending, or in which (as in the case at bar) the judgment has been rendered, is the proper county in which to issue the writ of garnishment, regardless of the residence of the garnishee defendant (Rem. Rev. Stat., § 680 [P. C. § 7999]), the garnishee defendant is entitled, however, to have tried in the county of his residence any issue formed by the affidavit of the plaintiff controverting the answer of the garnishee defendant. *State ex rel. Stewart & Holmes Drug Co. v. Superior Court,* 67 Wash. 321, 121 Pac. 460.

In an ordinary civil action, a motion for a change of venue must be made at the time an issue is joined by the filing of a demurrer or answer. There can be no issue of fact or of law in an action, such as that in the case at bar, until the answer of the garnishee defendant is controverted by the affidavit of the plaintiff. When the answer of the garnishee defendant is controverted by the affidavit of the plaintiff, the garnishee defendant for the first time is informed

that an issue has been raised. If the answer of the garnishee defendant is controverted by affidavit of the plaintiff, "an issue shall be formed, under the direction of the court, and tried as other cases." Rem. Rev. Stat., § 702 [P. C. § 8021]. Until the plaintiff controverts, by affidavit, the answer of the garnishee defendant, no issue has been formed. The garnishee defendant is not required to make his motion for a change of venue until the affidavit of the plaintiff controverting the answer of the garnishee defendant forms an issue for trial, as in other civil actions.

█ The relator acted within a reasonable time. He made no appearance by counsel, nor was he required to do so when he answered the writ of garnishment. When the controverting affidavit of the plaintiff was mailed to relator's Okanogan address, and at the time it arrived at that address, the relator was in Nova Scotia, some thousands of miles distant from the county of relator's address. The papers could not reach him and be returned to his counsel in Seattle at a date earlier than that in which they were returned. They were received in Seattle February 11, 1937, and on the same date the motion for change of venue was interposed. The garnishee defendant could not have acted any more quickly than he did. It would be unreasonable, indeed, and there is no warrant in law therefor, to penalize him because he did not remain at his home in Okanogan county from December 21, 1936, the date he filed his answer, to January 29, 1937, when the controverting affidavit arrived at Brewster.

The relator is entitled, as a matter of right, to have the issue raised by the controverting affidavit tried in the county where he resides. That he acted diligently in making his motion for a change of venue clearly appears. Therefore, the refusal of the trial

court to grant the motion for a change of venue is reversible error.

The order is reversed, with direction to the trial court to grant the motion of relator for change of venue to the county of his residence.

STEINERT, C. J., TOLMAN, MAIN, and GERAGHTY, JJ., concur.

[1] Reported in 66 P. (2d) 1148.