HORACIO BATLLE, demandante y apelante, *v.* José PEREYÓ, JUAN TORRELLAS y LUIS PEREYÓ, demandados y apelados.

Núm. 9343.—*Sometido:* Junio 3, 1947. *Resuelto:* Julio 21, 1947.

*Enrique Báez García,* abogado del apelante; *Francisco González, Jr.,* abogado de los codemandados Luis Pereyó y Juan Torrellas.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 30 de abril de 1941 el demandado José Pereyó celebró un contrato con el Departamento del Interior de Puerto Rico, a virtud del cual se comprometió a construir para éste 3.6 kilómetros de carretera en el barrio Leguísamos de Mayagüez. A tenor de lo provisto por el artículo 425 del Código Político y por la sección 5 de la Ley núm. 31 de 23 de abril de 1931

(pág. 341), Pereyó tuvo que prestar una fianza por la suma de $4,504 a favor de El Pueblo de Puerto Rico, y a fin de poder realizar la obra contratada celebró otro contrato con el demandante Horacio Batlle, mediante el cual este último se obligó a suministrar la piedra en bloque, la piedra de dos pulgadas, la grava y la arena que Pereyó necesitase. Tales materiales fueron suministrados por el demandante a Pereyó por un valor total de $3,948.02, mas éste únicamente le abonó $1,094, quedando a deberle la cantidad de $2,854.02. Por esa suma Batlle entabló demanda contra José Pereyó, así como contra Juan Torrellas y Luis Pereyó, como fiadores en la fianza a que antes se ha hecho mención. La demanda se radicó originalmente ante la Corte de Distrito de Mayagüez y la misma fué más tarde trasladada a la de Distrito de Humacao. Luego de un juicio en sus méritos ésta la declaró con lugar en cuanto al demandado José Pereyó y sin lugar en lo que a sus fiadores concernía. No conforme, el demandante ha apelado ante nos y en el alegato radicado sostiene tan sólo que la corte inferior "cometió error al declarar sin lugar la demanda en cuanto a los demandados Luis Pereyó y Juan Torrellas."

No se trata aquí de una acción entablada contra el dueño de la obra en armonía con el artículo 1489 del Código Civil, ed. de 1930, sino más bien de una acción en ejecución de la fianza, instada quizá de conformidad con el párrafo segundo del artículo 1209 del Código Civil, edición supra.(1)

---

(1)"Artículo 1489.—Los que ponen su trabajo y materiales en una obra ajustada alzadamente por el contratista, no tienen acción contra el dueño de ella sino hasta la cantidad que éste adeude a aquél cuando se hace la reclamación.

"Artículo 1209.— .         .         .         .         .         .

"Si el contrato contuviere alguna estipulación en favor de un tercero, éste podrá exigir su cumplimiento, siempre que hubiese hecho saber su aceptación al obligado antes de que haya sido aquélla revocada."

El saldo existente en poder del gobierno a favor del contratista Pereyó había sido ya embargado en acción independiente por la firma Víctor Braegger, Inc., iniciada ante la Corte de Distrito de los Estados Unidos para Puerto Rico.

Admite el apelante que este Tribunal en los casos de *Municipio de Fajardo et al.* v. *Axtmayer, et al.*, 31 D.P.R. 823 y *Morales* v. *Chabert*, 43 D.P.R. 119, resolvió definitivamente la línea de conducta a seguir en Puerto Rico en casos de esta naturaleza. Sostiene, sin embargo, que él ha llegado a la conclusión de que la doctrina sentada en esos casos debe ser descartada por resultar obsoleta, en relación con las actuales tendencias del derecho y el aplastante peso de la jurisprudencia. Veamos:

La fianza prestada, luego de hacer constar que el principal y los fiadores quedan firmemente obligados *a favor de El Pueblo de Puerto Rico*, dispone de manera expresa:

"'Por TANTO, si dicho José Pereyó ejecutare y cumpliere exactamente todos los convenios y las condiciones del referido contrato . . . *y hubiere satisfecho con prontitud todo pago de operarios y materiales relacionados con la ejecución de dicho contrato;* en este caso la presente obligación quedará cancelada; de lo contrario permanecerá en toda su fuerza y vigor.'' (Bastardillas nuestras.)

¿Tiene esa estipulación el efecto de hacer responsables a los fiadores de José Pereyó de cualquier suma, hasta el monto de la fianza, que éste adeude a aquel que le suministró los materiales necesarios para que él ejecutara la obra? En absoluto. La cuestión, conforme acepta el apelante, ha sido resuelta en su contra reiteradamente por este Tribunal en los casos citados más arriba, así como en el de *Sucrs. de L. Villamil & Co.* v. *Chabert et al., Per Curiam*, publicado en 43 D.P.R. 1027.([2]) Es cierto que en los casos citados por el demandante—*Hill* v. *American Surety Co.*, 200 U.S. 197, 50 L. Ed. 437; *Equitable Surety Co.* v. *McMillan*, 234 U.S. 448, 58 L. Ed. 1394; *Illinois Surety Co.* v. *John Davis Co.*, 244 U.S. 376, 61 L. Ed. 1206 y *Brogan* v. *National Surety Co.*, 246 U.S. 257, 62 L. Ed. 703—se ha resuelto que "el derecho de obreros y proveedores de materiales a repetir contra una fianza otorgada en relación con obras públicas, cuando dicha

_____

([2])*Cf. Glens Falls Indemnity Co.* v. *Lluch*, 61 D.P.R. 852.

fianza contiene una estipulación a su favor y para su pro-
tección, aunque la misma se haya otorgado a nombre de la
entidad pública y no contenga la disposición expresa de que
terceras personas tendrán derechos de clase alguna a tenor
de la misma, ha sido confirmado por el gran cúmulo de las
decisiones."[3]   Empero, los casos por él citados y los que
hemos leído de los que aparecen en las obras que figuran en
la nota 3 han sido resueltos interpretando estatutos que dan
expresamente a los obreros y proveedores de materiales un
derecho claro a demandar a los fiadores del contratista, des-
pués de haber cumplido con ciertos requisitos que en las
propias leyes se especifican, o aplicando la conocida como
"doctrina americana" sobre contratos que contienen estipu-
laciones en favor de terceros (*pour autrui*).[4]

En Puerto Rico, sin embargo, "*la fianza* no se presume:
debe ser expresa *y no puede extenderse a más de lo contenido
en ella*." Artículo 1726 del Código Civil. Debe interpre-
tarse, pues, restrictivamente. Aplicando ése y otros precep-
tos de nuestro Código Civil hemos llegado a la conclusión de
que bajo fianzas como la aquí envuelta, las personas que
suministran materiales a los que contratan con el gobierno,
no tienen causa de acción contra los fiadores del contratista.
No se trata aquí de la aplicación de doctrinas del Derecho
Común, sino de la interpretación de principios del Derecho
Civil.

Otras jurisdicciones donde impera el Derecho Civil en
que se ha sentado en relación con fianzas el mismo principio
enunciado por nosotros en los de *Municipio de Fajardo* v.
*Axtmayer, Morales* v. *Chabert* y *Sucrs. de L. Villamil & Co.*
v. *Chabert,* supra, son el Estado de Louisiana y las Islas Fi-
lipinas.   En ese Estado nos hallamos con las siguientes de-

---

[3] Véanse, además, 77 A.L.R. 83, 118 A.L.R. 71 y 43 Am. Jur. sección
155, pág. 896.

[4] Véase el párrafo segundo del artículo 1209 del Código Civil, ed. 1930.
Para una amplia discusión de la doctrina sobre estipulaciones "pour
autrui" véase *Allen & Currey Mfg. Co.* v. *Shreveport Waterworks Co.,* 113
La. 1091, 37 So. 980.

cisiones: *Carolina Portland Cement Co.* v. *Carey & Boettner*, 145 La. 773, 82 So. 887; *Allen & Currey Mfg. Co.* v. *Shreveport Waterworks Co.*, 113 La. 1091, 37 So. 980 y *Salmen Brick & Lumber Co.* v. *Le Sassier*, 106 La. 389, 31 So. 7. En Filipinas encontramos el de *Uy Tam y Uy Yet contra Leonard,* 30 Jur. Fil. 492, el cual citamos con aprobación en los nuestros ya mencionados.

Por otra parte, cuando por Ley núm. 31 de 23 de abril de 1931 (pág. 341) nuestra Asamblea Legislativa dispuso que (sección 6) ''Cualquier obrero o empleado que no recibiere sus salarios de acuerdo con los términos de esta Ley, podrá establecer una acción contra el contratista en caso de que éste hubiere depositado la fianza en efectivo o en cheque certificado o contra la compañía fiadora en los demás casos, reclamando el importe total de los salarios devengados que hubiere dejado de percibir,'' lo hizo con pleno conocimiento de que desde el 11 de mayo de 1923, fecha en que se decidió el caso de *Municipio de Fajardo* v. *Axtmayer* tantas veces citado, este Tribunal Supremo había resuelto que no existía relación contractual de clase alguna entre el proveedor y los fiadores, siendo aquél un extraño al contrato y a la fianza, y que por ende el proveedor de materiales no podía repetir contra los fiadores. Al aprobarse esa ley tan sólo en beneficio del obrero, podríamos repetir aquí lo dicho en *Salmen Brick & Lumber Co.* v. *Le Sassier,* supra, a saber: ''. . . el hecho de que tal ley fuera aprobada indica que, en opinión del legislador . . . los proveedores de materiales no tienen derecho de acción directo contra la fianza prestada por el contratista en favor del dueño de la obra.'' Además, con posterioridad al año 1931, cuando se pasó la ley anterior protegiendo al obrero, se emitió por este Tribunal la opinión en el caso de *Morales* v. *Chavert,* (1932) supra, ratificando la doctrina sentada en el de *Municipio de Fajardo* v. *Axtmayer* (1923) dictada nueve años antes. Desde que en febrero 16 de 1932 se dictó la última decisión citada han trans-

currido más de 15 años y el legislador no ha creído. prudente aprobar una ley similar a la de 1931 salvaguardando el derecho de los proveedores de materiales.

Bajo estas circunstancias no podemos menos que ratificar nuestras decisiones anteriores sobre la materia.

*La sentencia apelada será confirmada.*