PASCUAL FERNÁNDEZ DIEZ ET AL., Petitioners and Appellants, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, TRIGO HERMANOS, INC., and MONLLOR Y BOSCIO, SUCRS., INC., Defendants and Appellees.

No. 10988. Argued February 1, 1954.—Decided April 14, 1954.

*Antonio L. López* for appellants. *Manuel Martín Maldonado*
and *José A. Bravo Abreu* for appellees *Trigo Hermanos*
and *Monllor & Boscio, Sucrs.*

MR. JUSTICE SIFRE delivered the opinion of the Court.

This is an appeal from an order of the Superior Court, San Juan Part, refusing to issue a writ of prohibition sought by appellants in order that, in an action for recovery of money in which they are the defendants and which was commenced in the San Juan Section of the District Court, the latter court and plaintiffs "desist and refrain from" further proceeding.

The lower court denied the writ in question on the ground that petitioners "have an adequate remedy by appeal to review any error committed by the lower court in the course of the proceeding," and that, by way of the latter remedy, the court is in a better position to decide the issues involved, since briefs are presented and both parties appear,

which is not generally the case with petitions like the one presented in the case at bar.

Appellants allege that the lower court erred in denying the remedy sought.

 In the petition for a writ of prohibition, petitioners alleged that they were served with process in the city of Caguas, "where they resided at the time the complaint was filed," and "where they reside at the present time" that they moved "in due time" for the transfer to the District Court, Caguas Section, which motion was denied, that this action comes within the jurisdiction of the Caguas Court, "which is the one with proper venue according to defendants' residence," and not the San Juan Court. The petition was verified.

Section 10 of the Judiciary Act of the Commonwealth of Puerto Rico—Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30), provides in part that "Every civil . . . action shall be filed in the part" of the Court of First Instance "held at the place where it should have been filed under the legislation heretofore in force; but no cause shall fail on the ground that it has been submitted to a division without jurisdiction or authority or to a part of the court of improper venue," which action "may be heard in the division or part where it is brought by agreement of the parties and consent of the judge presiding . . . in such part or, if not so heard, shall be transferred . . . to the appropriate division or part . . . ." See *Rodríguez v. Registrar*, 75 P.R.R. 656. According to the legislation in force at the time of the enactment of the Judiciary Act— § 81 of the Code of Civil Procedure, 1933 ed., and § 21 of the Act to Establish the Organic Act of the Judiciary of Puerto Rico, (Act No. 432 of May 15, 1950, Sess. Laws, 1126)—appellants could have requested, by a motion for a change of venue, that the action brought against them be tried in the former Municipal Court of Puerto Rico, Caguas

344

Section.[1] In view of the foregoing and of the provisions of § 10 of the Judiciary Act, appellants may now exercise that same right.[2]

Having reached the foregoing conclusion, the question for decision is whether the lower court committed error in refusing to issue the writ of prohibition.

■■ Section 666 of the Code of Civil Procedure, 1933 ed., provides that "a writ of prohibition can not be issued to restrain any action . . . properly reviewable by appeal." We have repeated this on several occasions. *Antonetti et al.* v. *Foote, District Judge*, 16 P.R.R. 562, 563; *Fortuna Estates* v. *Texidor, Dist. Judge*, 26 P.R.R. 233, 235; *Martínez* v. *Dist. Court of Aguadilla et al.*, 33 P.R.R. 178, 179; *Benítez et al.* v. *District Court et al.*, 39 P.R.R. 508, 509; *Sifre etc.* v. *Pellón, etc.*, 54 P.R.R. 559, 574; *Jiménez* v. *District Court*, 59 P.R.R. 29, 32. However, it is a well-established rule that for the remedy of appeal to defeat the application for the writ it must be adequate, speedy and effective to

---

[1] The action filed in the District Court, San Juan Part, is comprised in § 81 of the Code of Civil Procedure, 1933 ed., which provides as follows:

"In all other cases, the action must be tried in the district in which the defendants, or some of them, reside at the commencement of the action; or if none of the defendants reside in the Island of Porto Rico, or if residing in this Island, the district in which they reside is unknown to the plaintiff, the same may be tried in any district which the plaintiff may designate in his complaint; and if the defendant is about to depart from said Island, such action may be tried in any district where either of the parties reside, or service is had; subject, however, to the power of the court to change the place of trial, as provided in this Code."

Section 21 of Act No. 432 of May 15, 1950, stated in part as follows:

"Every civil or criminal action shall be filed in the judicial section of the corresponding territory, pursuant to the provisions of the legislation in force at the time this Act takes effect; *Provided*, that in criminal cases, if it is not so filed, the judge shall order the transfer of the case to the proper section, unless the parties thereto agree that the case be prosecuted in the section where it was filed; and in civil cases it shall be prosecuted in the district where it was filed, unless any of the parties thereto, within the ten (10) days following the serving of notice of the complaint, requests the transfer of the case to the proper district."

[2] The action against the appellants was brought after the Judiciary Act went into operation.

the exigencies of the situation, and that is the interpretation which must be placed upon the provisions of § 666, *supra*. There is no general rule by which the adequacy or inadequacy of the remedy can be ascertained, but the question is one to be determined upon the facts of each particular case. Ferris, *Extraordinary Legal Remedies*, p. 435, 1926 ed.; *Evans* v. *Willis*, 97 Pac. 1047, 1051 (Okl.); *Knight* v. *Halley*, 176 Atl. 461, 465.

██ ██ We can not agree with the criterion that the appellants have an adequate remedy by appeal to review the order of the San Juan Court which denies the change of venue. That order is unappealable, for it is not a final judgment. The right to appeal to the Superior Court is limited by § 19 of the Judiciary Act to appeals from judgments of that nature.[3] In view of the foregoing, the appellants would have to litigate against their will where by law they are not obliged to do so, and they can not raise the question of change of venue until judgment is rendered on the merits. Since, if the allegations of the petition for the writ of prohibition are found to be true, the right of appellants to have the case heard where they reside is perfectly clear. *Espinet* v. *Alvarez*, 23 P.R.R. 332, 333; *Santalís et al.* v. *"El Zenit"*, 27 P.R.R. 557, 558; *Royal Bank of Canada* v. *A. McCormick & Co.*, 25 P.R.R. 112, 115; *Almenas* v. *Iriarte, Municipal Judge et al.*, 29 P.R.R. 352, 354; Section 10 of the Judiciary Act. Thus, after hearing the case on appeal in the Superior Court, the latter would have to remand it to the District Court, San Juan Section, with instructions to transfer it to the Caguas Court to be heard

---

[3] Section 19 of the Judiciary Act provides in part that: "The right of appeal from any final judgment of the District Court to the Superior Court is hereby established."

The remedy of appeal should not be deemed to be inadequate *in all cases* in which it does not issue against the order challenged, but only against a final judgment. See *Antonetti* v. *Foote et al., supra.* For the reasons set forth in the opinion, we believe that the remedy in the case at bar is inadequate.

there. This of course would occur after unnecessarily wasting time in the hearing at the San Juan Court to no practical end. The outcome of the appeal would only compel the parties to have a second 'hearing. It is neither consonant with justice nor an example of good judicial administration to leave pending, for future determination, a question on which depends the validity and effectiveness of subsequent proceedings in the action brought against the appellants. If appellants have a right to a change of venue, they are entitled to protection and should not be put to the hazard, delay and expense of a trial in the San Juan Section of the District Court as a prerequisite to the assertion of that right. *State* v. *Superior Court*, 166 Pac. 630, 631 (Wash.); *State* v. *Superior Court for King County*, 66 P. 2d 1135, 1136 (Wash.); *Chamblee* v. *Rose*, 249 S.W. 2d 775, 777. We are fully aware that the writ of prohibition does not lie—it should undoubtedly be employed with great caution—to cure errors committed in the course of the proceeding, *Fortuna Estates* v. *Texidor, District Judge, supra*, but we can not agree to this principle being applied to an error committed by a court in refusing to grant a change of venue which was appropriate as a matter of law, nor can we agree that the consideration of an error of that nature should be thrust aside to be heard upon appeal from a judgment on the merits. *State* v. *Superior Court, supra; State* v. *Superior Court for King County, supra.*

■ In view of the foregoing, we believe that the extraordinary remedy sought by appellants should issue. Where a party has a right to trial in a particular place, and that right is not recognized, notwithstanding the fact it was timely invoked and asserted, and there is no remedy in the usual and ordinary course of the law to protect it, the writ of prohibition may and must issue to avoid impairment. *Almenas* v. *Iriarte, Municipal Judge, supra; State* v. *Superior Court, supra; State* v. *Superior Court for King County,*

*supra;* State v. *Superior Court of Grays Harbor County,* 71 P. 2d 24, 29 (Wash.); *Chamblee v. Rose, supra.*[4]

We need not consider the second assignment on which the court relied to issue the order appealed from, since we have reached the conclusion that the remedy by way of appeal is inadequate.

The order appealed from is reversed and the case remanded to the Superior Court, San Juan Part, for further proceedings not inconsistent with this opinion.

---

[4] We can not agree with appellees' contention that our decision in *Almena* v. *Iriarte, Municipal Judge, supra,* is inapplicable to the case at bar because it was decided at a time when orders were not reviewable by appeal as is the case now, but were heard at a trial *de novo.* *Antonetti* v. *Foote et al., supra,* cited by the appellants, is distinguishable.