PASCUAL FERNÁNDEZ DIEZ y VÍCTOR FERNÁNDEZ PIÑÁN, peticionarios y apelantes, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SALA DE SAN JUAN, TRIGO HERMANOS, INC., y MONLLOR Y BOSCIO, SUCRS., INC., demandados y apelados.

Número 10988.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 14 de abril de 1954.

*Antonio L. López,* abogado de los apelantes; *Manuel Martín Maldonado* y *José A. Bravo Abréu,* abogados de los apelados Trigo Hermanos y Monilor & Boscio, Sucesores.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

Se trata de una apelación contra resolución del Tribunal Superior, Sala de San Juan, rehusando expedir un auto inhibitorio solicitado por los apelantes para que en un pleito sobre cobro de dinero, en el que son demandados, iniciado en el Tribunal de Distrito, Sala de San Juan, éste y los demandantes "desistan y se abstengan" de continuar actuando.

La corte a quo negó el susodicho auto, por entender que los peticionarios "tienen un remedio adecuado en apelación para revisar cualquier error cometido por la corte inferior en el curso del procedimiento", y porque por vía de ese remedio el tribunal está en mejores condiciones de resolver las cuestiones envueltas, toda vez que en él se presentan alegatos, y ambas partes comparecen, lo que generalmente no ocurre con respecto a solicitudes como la que fuera presentada en el caso de autos.

Sostienen los apelantes que la corte a quo erró al no concederles el remedio solicitado.

■ En la petición pidiendo el auto inhibitorio, alegaron los peticionarios que de la demanda presentada en el mencionado pleito se les emplazó en la ciudad de Caguas "donde residían a la presentación de la misma", y "en donde residen en la actualidad"; que "en debido tiempo", y en moción presentada a ese efecto, solicitaron el traslado al Tribunal de Distrito, Sala de Caguas, y fué denegado; que el citado pleito es de la competencia de esa Sala, "la corte que corresponde a la residencia de los demandados", y no de la de San Juan. La petición fué presentada bajo juramento.

Dispone, en parte la sección 10 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley núm. 11 de 24 de julio de 1952 ((2) pág. 31), que "toda acción civil . . . se presentará en aquella sala" del Tribunal de Primera Instancia "situada en el territorio en que la misma hubiese sido radicada bajo la legislación en vigor hasta el presente, pero no se desestimará ningún caso fundado en haberse sometido a una sección sin jurisdicción o autoridad, o a una sala de un tribunal sin competencia para ello", pudiendo "ventilarse en la sección o sala en que radique, por convenio de las partes y la anuencia del juez que presida dicha sala . . . . , o, de no ser así oído, será transferido . . . a la sección o sala correspondiente . . .". Véase *Rodríguez* v. *Registrador*, 75 D.P.R. 712. De acuerdo con la legislación en vigor cuando se aprobó

la Ley de la Judicatura—artículo 81 del Código de Enjuiciamiento Civil, ed. 1933, y artículo 21 de la Ley estableciendo la Ley Orgánica de la Judicatura de Puerto Rico, Ley núm. 432 de 15 de mayo de 1950 (Leyes de 1949–50, pág. 1127)— los apelantes hubieran tenido el derecho a que el pleito iniciado en su contra se viera en el antiguo Tribunal Municipal de Puerto Rico, Sala de Caguas, de haber solicitado el traslado.(1) En vista de ello, y por razón de las disposiciones de la sección 10 de la citada Ley de la Judicatura, tienen ahora ese mismo derecho.(2)

Habiendo llegado a la anterior conclusión, toca resolver si el tribunal a quo incurrió en error al negarse a expedir el auto inhibitorio.

██ Prescribe el artículo 666 del Código de Enjuiciamiento Civil, ed. 1933, que "no podrá expedirse ningún auto inhibitorio para impedir cualquier resolución . . . que fuere revisable por medio de apelación". Esto lo hemos reiterado

---

(1) El pleito presentado en el Tribunal de Distrito, Sala de San Juan, es de los comprendidos en el artículo 81 del Código de Enjuiciamiento Civil, ed. 1933, que prescribe así:

"En todos los demás casos el pleito deberá verse en el distrito en que residieren los demandados, o algunos de ellos, al iniciarse el litigio; y si ninguno de los demandados residiere en la Isla de Puerto Rico, o si residiendo en ella, ignorase el demandante el distrito en que residan, el pleito podrá seguirse en cualquier distrito designado por el demandante en la demanda; y si el demandado estuviere a punto de ausentarse de esta Isla, el pleito podrá seguirse en el distrito en que cualquiera de las partes resida, o en que se haga la citación, sin perjuicio de la facultad de la corte para cambiar el lugar del juicio, según lo dispuesto en este Código."

El artículo 21 de la Ley núm. 432 de 15 de mayo de 1950, disponía, en parte, lo siguiente:

"Toda acción civil o criminal se radicará en la sala judicial del territorio correspondiente de acuerdo con la legislación vigente al tiempo de entrar en vigor esta Ley; Disponiéndose, que en las causas criminales si así no se hiciere, el juez deberá decretar el traslado de la causa a la sala correspondiente, a menos que las partes convengan en que la causa se tramite en la sala en que fué radicada, y en las causas civiles, se tramitará en la sección en que fué radicada, a menos que cualquiera de las partes, dentro de los diez (10) días siguientes a la fecha de notificación de la demanda, solicitare el traslado de la causa para la sección a que corresponde."

(2) El pleito contra los apelantes se inició después de haber entrado en vigor la Ley de la Judicatura.

en varias ocasiones. *Antonetti* v. *Foote, et al.*, 16 D.P.R. 591, 593; *Fortuna Estates* v. *Texidor, Juez*, 26 D.P.R. 266, 268; *Martínez* v. *Corte*, 33 D.P.R. 184, 185; *Benítez* v. *Corte de Distrito*, 39 D.P.R. 562, 563; *Sifre* v. *Pellón, Juez*, 54 D.P.R. 587, 604; *Jiménez* v. *Corte*, 59 D.P.R. 29, 32. Sin embargo, es doctrina firmemente establecida que para que el remedio de apelación impida la concesión del auto, dicho remedio deberá ser adecuado, rápido y eficaz para dar frente a las exigencias de la situación, y es esa la interpretación que debe dársele a la disposición del artículo 666, a que hemos hecho referencia. Si lo es o no, es siempre cuestión a resolver tomando en consideración los hechos y circunstancias de cada caso en particular, toda vez que no existe regla alguna de carácter general para determinarlo. Ferris, *Extraordinary Legal Remedies*, pág. 435, ed. 1926; *Evans* v. *Willis*, 97 Pac. 1047, 1051 (Okl.) ; *Knight* v. *Haley*, 176 Atl. 461, 465.

■■ No podemos estar de acuerdo con el criterio de que los apelantes tienen un remedio adecuado por vía de apelación para que se revise la resolución del Tribunal de Distrito, Sala de San Juan, negando el traslado. Esa resolución es inapelable, puesto que no se trata de una sentencia final. El derecho a apelar al Tribunal Superior, está limitado por la sección 19 de la Ley de la Judicatura a apelaciones de sentencias que tengan ese carácter.(³) En vista de ello, los apelantes tendrían que litigar contra su voluntad allí donde por ley no están obligados a hacerlo, y esperar a que se dictara sentencia sobre los méritos, para entonces plantear la cuestión relativa al traslado. Como de ser ciertas las alegaciones de la petición en solicitud del auto inhibitorio, el derecho de los

---

(³) La sección 19 de la Ley de la Judicatura, provee, en parte que: "Por la presente se establece el derecho a apelar al Tribunal Superior de cualquier sentencia final del Tribunal de Distrito".

No deberá entenderse que el remedio de apelación es inadecuado *en todos los casos* en que no proceda contra la resolución impugnada, y sí únicamente contra la sentencia final. Véase *Antonetti* v. *Foote, et al.*, supra. Consideramos que resulta inadecuado en el caso de autos, por las razones que se exponen en la opinión.

apelantes a que el pleito se vea allí donde residen es perfectamente claro, *Espinet* v. *Alvarez*, 23 D.P.R. 358, 359; *Santalis et al.*, v. *"El Zenit"*, 27 D.P.R. 605, 606; *Royal Bank of Canada* v. *A. McCormick & Co.*, 25 D.P.R. 120, 124; *Almenas* v. *Iriarte, Juez Municipal*, 29 D.P.R. 376, 379; sección 10 de la Ley de la Judicatura, al verse el caso en apelación ante el Tribunal Superior, éste tendría que devolverlo al Tribunal de Distrito, Sala de San Juan, con instrucciones de trasladarlo a la de Caguas, para ventilarse en esa Sala, desde luego, después de haberse perdido el tiempo inútilmente en la celebración de la vista en la Sala de San Juan, sin finalidad práctica alguna. El resultado de la apelación no sería otro que el de obligar a las partes a proceder a la celebración de una segunda vista. No creemos de justicia, ni conducente a la mejor administración de la misma, que en este caso se deje para ser resuelta en el futuro una cuestión de la que dependen la validez y efectividad de los procedimientos ulteriores en el pleito incoado contra los apelantes. Si éstos tienen derecho al traslado, ese derecho debe serles protegido sin necesidad de que como condición previa para invocarlo, tengan que correr los riesgos de un juicio ante el Tribunal de Distrito, Sala de San Juan, ni incurrir en los gastos y pérdida de tiempo que ello ocasionaría, *State* v. *Superior Court*, 166 Pac. 630, 631; (Wash.) ; *State* v. *Superior Court for King County*, 66 P.2d 1135, 1136 (Wash.) ; *Chamblee* v. *Rose*, 249 S.W.2d 775, 777. Estamos perfectamente conscientes de que no procede el auto inhibitorio—que sin duda debe usarse con cautela—para corregir errores cometidos durante la tramitación del litigio, *Fortuna Estates* v. *Texidor, Juez*, supra, pero no podemos estar de acuerdo con que se aplique ese principio al error en que incurre un tribunal al negarse a conceder un traslado que proceda como cuestión de derecho, ni podemos estar conformes con que deba relegarse la consideración de un error de esa naturaleza para cuando se vea la apelación contra la sentencia que recaiga sobre los méritos del litigio. *State* v. *Superior*

*Court,* supra; *State* v. *Superior Court For King County,* supra.

◼ En vista de lo expuesto, procede a nuestro juicio que se expida el remedio extraordinario solicitado por los apelantes. Cuando una parte tiene el derecho a que un pleito se vea en determinado lugar, y ese derecho no es reconocido, a pesar de haber sido invocado y reclamado oportunamente, y no existe remedio alguno en el curso usual y ordinario de la ley para protegerlo, el auto inhibitorio puede y debe expedirse para evitar que quede vulnerado. *Almenas* v. *Iriarte, Juez Municipal,* supra; *State* v. *Superior Court,* supra; *State* v. *Superior Court For King County,* supra; *State* v. *Superior Court for Grays Harbor County,* 71 P.2d 24, 29, (Wash.); *Chamblee* v. *Rose,* supra.(⁴)

No hay necesidad de considerar el segundo motivo en que se basó el tribunal a quo para dictar la resolución apelada, toda vez que hemos llegado a la conclusión de que el remedio por vía de apelación es inadecuado.

*Se revoca la resolución apelada y se envía el caso al Tribunal Superior, Sala de San Juan, para ulteriores procedimientos no inconsistentes con esta opinión.*

---

(⁴) No estamos de acuerdo con la contención de los apelados de que nuestra decisión en el caso de *Almena* v. *Iriarte, Juez Municipal,* supra, es inaplicable al presente por haber sido resuelto cuando las apelaciones no se hacían por vía de revisión, como sucede ahora, sino que se veían en juicio *de novo. Antonetti* v. *Foote, et al.,* supra, citado por los apelados, puede distinguirse.