## SUPREME COURT.

### THE PEOPLE agt. HAYES AND OTHERS.

An action against a public officer, sued for an act done by him by virtue of his office, must be tried in the county where the cause of action arose, unless changed for causes specified in the statute. And this is so, although the suit is brought by the people and prosecuted by the attorney general of the state.

In personal actions, sued by the attorney general, the king could sue in any county he pleased; and the people of this state have succeeded to the rights of the crown. But this rule has been here modified by statute. Regard, however should still be had to the opinions of the attorney general and other public officers, acting for the state, as to what will be for the public interest.

Commissioners appointed by the act of the legislature, to lay out and build a road for the use of the public, are public officers.

An office is a public charge or employment; and every office is considered public, the duties of which concern the public.

Very little reliance can be placed upon an allegation of the materiality of witnesses, unless it be shown wherein they are material. But the place of trial may be changed upon such an affidavit, when no witnesses are shown to reside in the county where the venue is laid.

*Schenectady Special Term, November* 1852. This was a motion by the defendants to change the place of trial from the

county of Albany to the county of Clinton. The affidavit of one of the defendants, stated that deponent resided in Clinton county; that the attorney general had brought a suit against the defendants, wherein the complaint charged that they were commissioners under the act entitled " an act to provide for laying out and opening a road from Clinton county to Carthage in Jefferson county, passed April 16, 1852 (*Laws of* 1852, *p.* 519), and as such had laid out a road on a route wholly unsuitable, and not within the meaning and intention of the act; and also charging that the defendants were guilty of fraud; and with corrupt purposes had laid out the road on a wrong route. That they had drawn about $17,000 from the state treasury, and were proceeding to open the road so improperly laid out, and the plaintiffs prayed an injunction, &c., and that the money be returned. That the defendants had put in their answer, denying all improper conduct, and alleging that they had, as commissioners under and by virtue of the act, laid out the road strictly in conformity thereto, and on the most direct and convenient route. The affidavit further stated that certain witnesses, whose names were given, and more than twenty-five of whom reside in Clinton county, and six in Franklin county, were material, &c., but did not state what the defendants expected to prove, or what part of their case they expected to sustain by said witnesses.

L. STETSON, *for the Motion.*

G. STOW, *Contra.*

HAND, Justice.—The motion is pressed upon two grounds: convenience of witnesses, and that the defendants are public officers (*Code,* § 124, 125, 126).

Very little reliance can be placed upon an allegation of the materiality of witnesses, unless it be shown wherein they are material (see *Rule* 44; Jordon vs. Garrison, 6 *How. Pr. R.* 6). However, as there is no affidavit of any witnesses on the part of the plaintiffs, if the motion turns upon this point, it must be granted.

Are these commissioners public officers? Mr. Justice NELSON was inclined to consider certain persons, like these defendants, appointed by an act of the legislature to perform certain public

duties, officers; particularly as they were so denominated in the
act appointing them (The People vs. Comptroller, &c. 20 *Wend.*
595). In the 9th section of this act, the comptroller is author-
ized to fill any vacancies that might occur " in the office of said
commissioners." The statute requires an action against a
" public officer," for an act done by him by virtue of his office,
to be tried where the cause of action arose, unless changed for
causes specified in the act (*Code*, § 124). " An office," said
Chancellor SANDFORD, " is a public charge or employment, and
the term seems to comprehend every charge or employment, in
which the public are interested (Wood's case, 2 *Cow.* 30, *n.*).
Every office is considered public, the duties of which concern the
public (5 *Bac. Ab.* 180; 2 *Tom. Dic.* " Office "; People vs. Be-
dell, 2 *Hill*, 199). BEST, Ch. J., in Henley vs. Mayor of Lyme
(5 *Bing.* 91), said, " in my opinion every one who is appointed
to discharge a public duty, and receives compensation, in what-
ever shape, whether from the crown or otherwise, is a public
officer." I think the official character of the defendants gives
them the privileges of public officers as to the place of trial
(*Code*, § 124, *subd.* 2). From the affidavit, it seems, the mis-
feasance or malfeasance in laying out the road, is charged to
have been, in part at least, committed in the county of Clinton.
The money was drawn at Albany. But the complaint, as to
that, is not that it was received, but misapplied.

Are these rules applicable, in a suit by the people? I came
to the conclusion, in a recent case, that in many respects, the
people, upon obtaining our independence, succeeded to the rights
of the crown (People vs. Van Rensselaer, 8 *Barb.* 189). And
I find nothing in The People vs. Arnold (4 *Comst.* 508), over-
ruling this doctrine. (And see People vs. Thurman, 3 *Cow.* 16;
People vs. Herkimer, 4 *id.* 345.) And it seems pretty clear that
in personal actions, the king could lay his action in any county
he pleased (16 *Vin.* 538; *Com. Dig. Prerog. D.* 85; Attorney
General vs. Churchill, 8 *Th. & W.* 171, and cases there cited.
And see Rex vs. Hunt, 3 *B. & Ald.* 444). But this rule may
be abrogated by positive statute; and this, I think, has been
done in some suits against public officers, of which this is one.
Where the statute has not taken away all discretion, no doubt

regard should be had to the opinions of the attorney general and other public officers acting for the people, as to what would be for the public interest. But nothing appears in this case requiring the court to retain the place of trial contrary to the general rule. Motion granted.