[No. 6914. Decided September 9, 1907.]

THE STATE OF WASHINGTON, *on the Relation of Gideon A. LaFurgey, Plaintiff*, v. THE SUPERIOR COURT FOR MASON COUNTY, *Respondent*.[1]

PROHIBITION—TO COURTS—ADEQUATE REMEDY BY APPEAL—CHANGE OF VENUE. Prohibition does not lie to prevent the trial of a cause after erroneously refusing to grant a change of venue, whereby the court has no further jurisdiction; since there is an adequate remedy by appeal, which is not affected by the fact of delay or expense not ultimately destroying the effectiveness of the judgment.

Application filed in the supreme court September 4, 1907, for a writ of prohibition to prevent the trial of a cause, after denial of an application for a change of venue. Denied.

*Eugene Carr* and *N. Soderberg*, for relator.
*Frank D. Nash*, for respondent.

HADLEY, C. J.—Original application was made to this court for a writ of prohibition, directed to the superior court of Mason county. The application shows that, in a certain cause now pending in said court, the relator is defendant, and that an order granting a temporary injunction against him was entered therein; that the action is one for the cancellation of a contract and for an accounting between the parties; that it is a transitory and not a local action, and is properly triable in Pierce county, where the relator herein, who is sole defendant in that action, resides; that within the time prescribed

[1]Reported in 91 Pac. 639.

by law, the relator, as defendant in said action, served and
filed his demurrer to the complaint in the cause; that with the
demurrer he also served and filed an affidavit of merits, show-
ing the place of his residence as aforesaid, and demanding in
writing that the cause be forthwith transferred to Pierce
county for trial; that the demand was denied, and thereafter
an answer was filed and the temporary injunction aforesaid
was issued; that thereafter, over the objection of relator, the
court assigned the cause for trial in Mason county on the 11th
day of September, 1907; and that, unless prohibited by this
court, the trial court will proceed to try the cause at said
time; that the said court is without jurisdiction of the relator
and of the subject-matter. It is also shown that an appeal
from the order granting the temporary injunction is now
pending in this court.

Relator's contention is that the trial court of Mason county
is without jurisdiction for the reason that the action is transi-
tory, and has been commenced in the wrong county; that is to
say, in a county where the sole defendant does not reside,
timely objection to the jurisdiction having been made and not
subsequently waived. He therefore contends that, by reason
of the absence of jurisdiction, this court should now prohibit
the trial court from proceeding with the trial. The later de-
cisions of this court are against relator's contention. In *State
ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 875,
it was held that prohibition does not lie to prevent the trial
court from proceeding to try a cause, even if the court is
without jurisdiction by reason of the erroneous denial of an
application for a change of venue, for the reason that there is
an adequate remedy by appeal, which is the test to be applied
upon all applications for extraordinary writs. It was also held
that the delay and expense incident to an appeal do not affect
the adequacy of the remedy. See, also, *State ex rel. Port
Orchard Investment Co. v. Superior Court*, 31 Wash. 410,
71 Pac. 1100.

Relator, therefore, has his remedy by appeal, and under the above decisions such remedy cannot be held to be inadequate. Moreover,. he has already appealed, and by stipulation the briefs in the appeal are submitted for our consideration in the cause now before us. From those, we are advised that the lack of jurisdiction to issue the temporary injunction is the chief ground of the appeal. Relator is entitled to one submission of that question here and no more. The law has provided that it may be done by appeal, and he must be restricted to that remedy, since it is not inadequate to afford him relief. The fact that the remedy by appeal may subject him to inconvenience and expense does not destroy its effectiveness to ultimately reach any unauthorized action the trial court may take.

The writ of prohibition is denied.

RUDKIN, CROW, and MOUNT, JJ., concur.