[Nos. 15244, 15245.    En Banc.    April 2, 1919.]

THE STATE OF WASHINGTON, on the Relation of Bertha W. Schlosberg, Plaintiff, v. THE SUPERIOR COURT FOR SKAGIT COUNTY, Respondent.

THE STATE OF WASHINGTON, on the Relation of Walter M. Leopold, Plaintiff, v. THE SUPERIOR COURT FOR SKAGIT COUNTY, Respondent.[1]

CERTIORARI (6)—MANDAMUS (4, 21)—WHEN LIES—DISCRETION—CHANGE OF VENUE. There being an adequate remedy by appeal for error in the exercise of discretion in denying a motion for change of venue on account of local prejudice and for the convenience of witnesses, certiorari or mandamus does not lie to review or control the action of the trial court.

VENUE (14, 24)—CHANGE—DISCRETION—REVIEW. No discretion is invoked in the granting of a change of venue in a transitory action to the county of defendant's residence, if no question of fact as to such residence was involved; and mandamus or certiorari does not lie to review any error in exercising discretion on such a question of fact, or in denying a change of venue for the convenience of witnesses, on a disputed question of fact.

[1]Reported in 179 Pac. 865.

Applications filed in the supreme court February 5, 1919, for writs of certiorari and mandamus to the superior court for Skagit county, Brawley, J., upon the denial of a change of venue.   Denied.

*Samuel R. Stern* and *A. R. Hilen,* for relators.
. *Coleman & Gable,* for respondent.

HOLCOMB, J.—These two applications made to this court were consolidated for hearing and determination.   The applications were for a writ of certiorari or a writ of mandamus in each case as to this court might seem most meet.   Demurrers were interposed to the applications, and special appearances and motions to quash were made in each case, objecting to the jurisdiction of the court to grant the relief prayed. Relators, respectively, commenced actions in the superior court for Spokane county, in September, 1918, against J. H. Livermore and wife, as defendants, for damages for personal injuries.   Upon the service of the summons and complaints, the defendants appeared in the superior court for Spokane county and moved for a change of the place of trial of the actions, upon the ground, supported by affidavits, that they were, at the time of the service of the summons and complaints and at the time of the motion, not residents of Spokane county, Washington, but were residents of Skagit county, Washington, and that the summons and complaints were served upon them in Skagit county, and that the proper place for the trial of the actions was in Skagit county, and supported the same by an affidavit in each instance of a meritorious defense.

Upon hearing the motion for a change of place of trial in the superior court for Spokane county, the

11—106 WASH.

residence of the defendants in Skagit county was not denied, and was not in issue, but the plaintiffs in each case put in issue a question of the convenience of witnesses in the event that the cases were transferred to Skagit county, and that such convenience of the witnesses and the ends of justice required that the cases should not be transferred to Skagit county, but retained for trial in Spokane county. Upon the showing made, the superior court for Spokane county ordered that the place of trial in such case be changed to Skagit county, upon the ground that the defendants, in each case, had a right to the change to the county of their residence, and that all other proceedings in each case be had in Skagit county, "unless a change of venue is granted by the superior court for Skagit county."

Upon the case being transferred to Skagit county, the plaintiffs in each case appeared and moved that the place of trial of the actions be changed from Skagit county to Spokane county, upon the following grounds and reasons:

"(1)   For the convenience of witnesses, and that the ends of justice will be forwarded by the change;

"(2)   That there is reason to believe and the plaintiffs do believe that an impartial trial cannot be had in Skagit county".

This motion was based upon affidavits in support thereof, and the defendants in the cases made countershowing by affidavits. The superior court for Skagit county denied the change of venue to Spokane county, holding that, as a matter of right, under Rem. Code, §§ 207, 208, the defendants had the right to have the trial of the cases in the county of their residence.

The relators in behalf of their applications make a showing that the accident for which damages are sought occurred in Spokane county, that a large num-

ber of necessary and important witnesses in their behalf reside in that county, and would refuse to attend the trial in Skagit county, and could not be compelled to attend personally outside of their county and twenty miles beyond; and that, for those whose attendance they could secure, the cost of mileage alone for each witness between Spokane and Mount Vernon, the county seat of Skagit county, would be not less than $68.20, aside from attendance fees; that a number of expert witnesses, particularly physicians of large practice in the city of Spokane, cannot be compelled to attend the trial in Skagit county, and that in case their personal attendance could be secured that they would be entitled to fees as expert witnesses, and that it would be very expensive and practically prohibitive for the plaintiffs to procure their personal testimony at the place of trial, and that the plaintiffs in each case have small means, and the ends of justice would be defeated by requiring them to litigate their actions in Skagit county, three hundred and forty-one miles by the shortest route from Spokane.

The trial court conceded that by far the greater number of witnesses would be accommodated by changing the venue to Spokane county, but that a number of witnesses for the defendants would be inconvenienced by such change.

A considerable array of authorities, mostly from other jurisdictions, cited on behalf of the relators to the effect that this court should control the jurisdiction of the trial court by an appropriate writ in such cases as this before us have but little force in this state because the question has been determined.

"We again announce the rule that the adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs, and not the mere

question of jurisdiction or lack of jurisdiction; and that the adequacy of the remedy by appeal does not depend upon the mere question of delay or expense. There must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction." *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395.

The above case was considered and re-affirmed in *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917 F 905, where we said:

"Whether this court will anticipate and review errors of the trial court upon such questions as inhere in the record which may be heard on appeal, is one that has sorely perplexed the judicial mind and much confusion has crept into our cases. But it would seem that the doctrine of *State ex rel. Miller v. Superior Court, supra,* is still unimpeached and unimpaired. The real question is whether it was properly applied in that case. The rule as stated does not deny that the writ will lie where the remedy by appeal is inadequate. It is said, 'The adequacy of the remedy by appeal or in the ordinary course of law is there declared (*State ex rel. Townsend Gas & Elec. L. Co. v. Superior Court,* 20 Wash. 502, 55 Pac. 993) to be the true test in all cases, and not the mere question of jurisdiction or lack of jurisdiction'. Hence the inquiry whether the remedy by appeal is adequate, or whether that question, when coupled with a question of jurisdiction is enough to sustain the writ, is not foreclosed."

In this case, we further said:

"Under Rem. Code, §§ 207, 208 and 209, one who is sued in a county other than that of his residence is entitled to a change of venue, if the action be a transitory one.

"While it may in general terms be referred to as a privilege, the claim for a change of venue, when once asserted, no question of fact being involved and no discretion of the court invoked, is more than a privilege; it is a right. It has been so held whenever and wherever this court has been called to pass upon the question."—(and cases cited.)

The situation presented in the instant cases is that the defendants, having been sued in a county other than that of their residence, in transitory actions, no question of fact as to the residence of the defendants being involved, and no discretion of the court invoked as to their right to the transfer to the county of their residence for trial, unless the question of the convenience of the witnesses presented to the superior court for Spokane county is a question of fact, is thus analogous to the foregoing. If the case did present such question of fact, then it invoked discretion which could be exercised either way, and if the superior court for Spokane county erroneously exercised it, it did no more than commit error in the exercise of a vested jurisdiction. And so with the superior court for Skagit county, when it had the motions for change of venue before it; it had conflicting facts as to the convenience of witnesses and whether the ends of justice would be best subserved in that county or in another, which invoked the discretion of the superior court for Skagit county; and if it erred in the exercise of that discretion, it did no more than commit error, which could not affect its jurisdiction; in other words, if the lower courts erroneously exercised their discretion, not arbitrarily or capriciously, but merely as an error of judgment, denying no inherent justice to any of the parties in the case, then we cannot control that discretion by peremptory writ in advance of appeal, where the question may be finally litigated on a final appeal.

What may be sufficiently speedy and adequate in one class of cases may not be speedy and adequate in another, and the mere difficulty of presenting the case of one party, or mere expense or mere delay, is not sufficient to make a case where the remedy by appeal is not speedy and adequate within the meaning of the law. There must be some other burden the necessary consequence of which would be a denial of justice or a denial of some manifest right without which justice could not be obtained. Such circumstances do not appear in these cases.

For these reasons, the application in each case must be denied. This opinion is written upon the denial of the applications for the purpose, if possible, of clarifying some apparent confusion on the part of the Bar as to such matters.

Writ denied.

CHADWICK, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.