[No. 15289. Department One. April 28, 1919.]

THE STATE OF WASHINGTON, on the Relation of M. C. Conley, Plaintiff, v. THE SUPERIOR COURT FOR KING COUNTY, et al., Respondents.[1]

PROHIBITION (7)—VENUE (14, 24)—CHANGE OF VENUE—DISCRETION. Prohibition does not lie to enforce a change of venue to the county of defendant's residence, where the fact of residence was denied and conflicting evidence offered, and the court was called upon to exercise its discretion as to changing the place of trial for the convenience of witnesses.

Application filed in the supreme court March 18, 1919, for a writ of prohibition, restraining the superior court for King county, Allen, J., from proceeding with a cause, after having denied an application for a change of venue. Denied.

Coleman & Gable, for relator.

James A. Dougan, for respondents.

TOLMAN, J.—The relator herein was made a party defendant in a suit brought against himself and the community of which he is a member, in the superior court for King county. Process was served upon him in Skagit county. In due time he appeared in that action by serving and filing a motion to make the complaint more definite and certain, and also a motion for

[1]Reported in 181 Pac. 50.

a change of venue to Spokane county, supported by his
affidavit that he then was, and for many years had
been at all times, a resident of the county last named.
The plaintiffs in the original action, for the purpose
of resisting the motion for change of venue, filed affi-
davits tending to show that the defendant in that ac-
tion, relator here, had been engaged in contracting in
Skagit and King counties and elsewhere, for some
time, alleging that he had not resided permanently or
continuously in Spokane county for at least a year
prior to that time, and also alleging that the pending
action grew out of a contract entered into and to be
performed in King county, that all of the witnesses,
both for the plaintiffs and the defendants, excepting
only the defendant, who is plaintiff here, resided in
King county, and that the public records of King
county would bear materially upon the issues and
would be required in evidence. Other facts were al-
leged for the purpose of indicating that the claim of
residence in Spokane county was not well founded.
A reply affidavit was filed by the relator here, explain-
ing or denying these last mentioned allegations, and
giving in more detail the facts regarding his residence
in Spokane county, but in nowise denying the allega-
tions as to the residence of the witnesses, or contro-
verting the allegations that the convenience of wit-
nesses and the ends of justice would be forwarded by
the case remaining for trial in King county. The
trial court made no finding as to the place of residence
of the relator, but entered an order denying the change
of venue, upon the ground that the cause of action
arose in King county, and the convenience of witnesses
required that the case be there tried. Relator herein
seeks a writ of prohibition, prohibiting and restrain-
ing the superior court for King county from further

proceeding in said cause, other than to transfer the same to Spokane county for trial.

We have recently had occasion to re-examine the questions here involved, and to restate the law with reference to changes of venue, in *State ex rel. Schlosberg v. Superior Court, ante* p. 320, 179 Pac. 865, and no further discussion of the principles involved seems necessary. Were the facts contended for by the plaintiff herein as to his place of residence admitted, and were there no other facts involved, then the discretion of the trial court would not be invoked, and plaintiff would be entitled to have the case transferred to the county of his residence for trial, as a matter of right. *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917 F 905. But here, not only are the facts as to residence denied, but the question of the convenience of witnesses was a fact upon which the trial court was called upon to pass, and one which appeals peculiarly to the discretion of the court. We said in *State ex rel. Schlosberg v. Superior Court, supra:*

"If the case did present such question of fact then it invoked discretion which could be exercised either way, and if the superior court for Spokane county erroneously exercised it, it did no more than commit error in the exercise of a vested jurisdiction. And so with the superior court for Skagit county, when it had the motions for change of venue before it; it had conflicting facts as to the convenience of witnesses and whether the ends of justice would be best subserved in that county or in another, which invoked the discretion of the superior court for Skagit county, and if it erred in the exercise of that discretion it did no more than commit error, which could not affect its jurisdiction; in other words, if the lower courts erroneously exercise their discretion, not arbitrarily or capriciously, but merely as an error of judgment, denying no inherent justice to any of the parties in the case, then

we cannot control that discretion by peremptory writ in advance of appeal, where the question may be finally litigated on a final appeal.''

The showing as to residence before the trial court, when it passed upon the motion, was exceedingly meager, based wholly upon affidavits of the defendant seeking the change, and the traversing affidavits contained statements which raised an issue of fact, which, it is true, was not directly decided. The question of the convenience of witnesses, upon which the ruling was based, is clearly one of fact, and while the facts set forth in the affidavits presented on behalf of the plaintiffs below were not directly denied by the reply affidavit, yet their force and effect were challenged in the argument here, and were no doubt so challenged in the argument below, thus presenting a question of fact which invoked the discretion of the trial court, whose finding thereon we would not be disposed to overrule, however presented. Under such conditions, the writ sought cannot issue.

Writ denied.

CHADWICK, C. J., MOUNT, MITCHELL, and HOLCOMB, JJ., concur.