[No. 20391.  *En Banc.*  January 6, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Clement J. Shook, as Administrator etc., Plaintiff,* v. THE SUPERIOR COURT FOR WHITMAN COUNTY, *Respondent.*[1]

[1] VENUE (19-1)—CHANGE—DISCRETION OF COURT—CONVENIENCE OF WITNESSES. An application for a change of venue on the grounds of convenience of witnesses is addressed to the discretion of the trial judge, and commission of error therein can be reviewed upon appeal.

Application filed in the supreme court December 8, 1926, for writ of mandamus to the superior court for Whitman county, McCroskey, J., upon the denial of a change of venue. Denied.

*Kimball & Blake,* for relator.

*John Pattison, Clegg & LaFollette, Danson, Lowe & Danson,* for defendant.

MITCHELL, J.—This is an original application for a writ of mandate. It appears that Clement J. Shook, as administrator of the estate of Jacob Shook, deceased, commenced an action in the superior court for Whitman county for the recovery of damages for the death of Jacob Shook against Harry I. Hughes, Salem C. Bageant and Robert H. Morrell, doing business as copartners under the firm name and style of "Bageant and Morrell, Dodge Dealers, copartners", Isabel Bageant, wife of Salem C. Bageant, and Willene E. Morrell, wife of Robert H. Morrell. It was alleged in the complaint that the death of the decedent was caused in Spokane by the negligent driving of an automobile by defendant Hughes, while engaged in business for the defendant partnership.

[1]Reported in 252 Pac. 103.

The action was commenced in Whitman county because of the residence of the defendants in that county. Upon service of summons and complaint upon Hughes, Morrell, and his wife, they entered appearances in the case, whereupon, and before any answer on their part to the merits, the plaintiff filed a motion in the cause to transfer the trial of the case from Whitman county to Spokane county for the alleged reason "that the convenience of witnesses and the ends of justice would be forwarded by such change". The motion was supported by affidavits to the effect that a number of witnesses who were residents of Spokane would be necessary in the trial of the case and that their attendance upon the trial, if it took place in Whitman county, could not be compelled, and that plaintiff had no assurance that such witnesses would attend the trial voluntarily; that they were eye witnesses of the accident out of which the cause of action arose, or of facts and circumstances connected with it at or about that time, all of whom would give evidence that was material and necessary in establishing plaintiff's cause of action. On the contrary, the defendants in the case who had appeared filed affidavits showing that they were residents of Whitman county and that, according to preparations already made in defense of the action and otherwise, they had witnesses who were residents of Whitman county, whose testimony would be needed at the trial of the case. Upon these affidavits, the matter came on to be heard before the judge of the superior court of Whitman county and, upon presenting the affidavits, arguments by respective counsel and consideration by the court, an order was entered denying the application for a change of venue. Thereupon this application was made to this court for a writ of mandate compelling the respondent to grant such change of venue.

[1]  The theory of the relator here is that as the accident happened in Spokane, where nearly all of the witnesses reside who would testify to the facts and circumstances of the accident, and that such number of witnesses is greater than the number of defendants, together with their witnesses who are residents of Whitman county; that. to deny a change of venue amounted to arbitrary and capricious conduct that could and should be reviewed and corrected by this court by writ of mandamus.  We have uniformly held in cases of this kind, that is, applications for a change of venue on the grounds that the convenience of witnesses and forwarding of justice required it, that the matter of such change is addressed to the discretion of the trial judge to whom the application is presented, and that we will not review, prior to an appeal in regular course, the judgment and discretion exercised by him, by a writ of mandate, where the hearing before him was had upon conflicting affidavits, as was the fact in this case.  The theory of that ruling, as it is expressed in our cases, is to the effect that if, in passing upon such an application, the court err in the exercise of its discretion, it does no more than commit error in judgment denying no inherent right or justice to any of the parties in the case, and that we will not control or review that discretion by peremptory writs in advance of appeals where the question may be finally litigated. *State ex rel. Schlosberg v. Superior Court,* 106 Wash. 320, 179 Pac. 865; *State ex rel. Conley v. Superior Court,* 106 Wash. 569, 181 Pac. 50; *Leopold v. Livermore,* 115 Wash. 481, 197 Pac. 778.  Upon the authority of these cases the writ applied for must be, and it is, denied.

TOLMAN, C. J., MAIN, HOLCOMB, ASKREN, FULLERTON, BRIDGES, and MACKINTOSH, JJ., concur.