[No. 26585. *En Banc.* August 2, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Samuel W. C. Hand et al., Plaintiff,* v. THE SUPERIOR COURT FOR GRAYS HARBOR COUNTY, *William E. Campbell, Judge, Respondent.*[1]

[1]Reported in 71 P. (2d) 24.

*The Attorney General* and *L. C. Brodbeck, Assistant,* for relators.

*Morgan & Morgan,* for respondent.

Holcomb, J.—Relators petition for a writ of certiorari to review an order of the superior court for Grays Harbor county, in an action against them, commenced in the above court by Hubert Foy, on behalf of himself and others, for damages for malicious prosecution and false imprisonment, denying them a change of venue to Yakima county, where Hand, with whom the other relators joined, is and was a resident at the time of the commencement of the principal action. Beardsley is a resident of Benton county and Johnson of Whitman county.

On or about March 23, 1936, Hubert Foy, for himself and others on assigned claims, commenced an action in the superior court for Grays Harbor county against Samuel W. C. Hand, Chas. H. Johnson, Ray Haynes, Geo. O. Beardsley, Joseph H. Smith, John Doe, Richard Roe, The American Bonding Company of Baltimore, and the United Pacific Casualty Insurance Company, as defendants, by causing defendants Hand, Johnson and Beardsley, alone, to be served with a summons and complaint for the recovery of damages claimed to have been suffered by the plaintiffs because of the alleged false arrest and imprisonment of plaintiffs by defendants.

Thereafter, on or about April 6, 1936, Hand made and had entered his motion for a change of place of trial, or venue, from the superior court of Grays Harbor

county to the superior court for Yakima county, upon the ground and for the reason that the action was improperly commenced in Grays Harbor county, in that the residence of defendant Hand was in Yakima county, which motion was supported by his affidavit as to his residence. At the same time, Hand filed a demurrer to the complaint and his affidavit of merits showing that he had a good and meritorious defense to the action. These affidavits, as the record discloses, were not denied in any respect.

On or about April 10, 1936, the motion for change of venue was heard by and submitted to the superior court for Grays Harbor county, and the court, after consideration, expressed his intention of granting the motion. Thereupon, counsel for plaintiffs in the cause asked and were granted leave to amend the complaint therein. On or about April 11, 1936, plaintiffs in the cause served and filed their amended complaint, and defendant Hand again presented his motion for a change of venue and his demurrer thereto. Defendants Johnson and Beardsley, having by that time been served with a summons and complaint, entered their appearance by demurrer and joined the motion for a change of venue of defendant Hand.

On May 15, 1936, the cause again came on for hearing in the same court upon the motions for change of venue, and the court again indicated his intention of sustaining the motions and granting the change of venue. Thereupon, plaintiffs again asked for and were granted leave to amend their complaint, which was, on May 23, 1936, served and filed in the cause, to which, motions for change of venue and demurrers were again interposed. Thereafter, the cause was again submitted to the trial court upon the motions for a change of venue.

On July 8, 1936, the trial court made and entered an opinion as follows:

"In this case the defendant Samuel W. C. Hand moves for a change of venue to Yakima county.

"The court previously ruled that the defendant was entitled to the change of venue, but gave the plaintiffs an opportunity to file an amended complaint. The amended complaint has been filed, and the court is still of the opinion that the change of venue should be granted.

"The attorney for the plaintiffs has requested of the court that if he grants the motion for change of venue that the plaintiffs be given sufficient time to apply to the supreme court for a writ of prohibition. This the court will do.

"Respectfully submitted,

"WM. E. CAMPBELL, JUDGE."

When that opinion was rendered, plaintiffs again requested the trial court to withhold the transfer of the case pending their petition to this court for a writ of prohibition to prevent such transfer. The transfer of the cause was by the trial court accordingly stayed. On July 24, 1936, plaintiffs in the cause filed in this court their application for a writ of prohibition to restrain the transfer of the cause to Yakima county, as ordered by the lower court therein. That petition came on regularly for hearing before this court on September 25, 1936, when it was denied, leaving the trial court free to proceed further according to his sound discretion, although no reason was given in the order of denial.

Thereafter, relators Hand, Johnson and Beardsley petitioned for a writ of mandate in this court to require the lower court to transfer to the superior court for Yakima county the action pending against them in Grays Harbor county by Hubert Foy *et al.* That petition was heard by this court on December 18, 1936, and

denied for the reason that the answer to the show cause order by the respondent court disclosed:

"That the question of the sufficiency of the showing made by the defendants to justify and require a change of venue, in view of the contents of and showing made by the plaintiff's third amended complaint, is still undecided and undisposed of by this court, and the defendants have not as yet renewed their motion for a change of venue in this court nor otherwise plead to the plaintiff's third amended complaint and the showing therein made.

"That if the defendants still desire to have the venue changed, and will present the matter to this court, the court will rule upon it and will then determine whether, upon the record, the venue should be changed."

Thereafter, the motions for change of venue were again directed to the third amended complaint, heard by the trial court on January 8, 1937, and an order entered denying the change of venue.

The trial judge seemed to consider that the third amended complaint states a local cause of action under the provisions of Rem. Rev. Stat., § 205 [P. C. § 8542], which provides that an action against a public officer or person appointed to execute his duties for an act done by him in virtue of his office, shall be tried in the county where the cause or some part thereof arose.

The trial court was correct in its conclusion that the other complaints against these parties did not state a cause of action under that section.

The applicable portions of the third amended complaint are:

"That the defendant, Samuel W. C. Hand, was at all times mentioned in this complaint a public officer of the state of Washington, to-wit: a major in the national guard in the state of Washington, duly and regularly commissioned by the governor of said state, and that on the 23rd day of April, 1929, a bond of $1,000

executed by the American Bonding Company and the said Samuel W. C. Hand, to secure the faithful performance of his duties as an officer of the state of Washington, who had been and then was duly appointed as such by the then governor of the state of Washington and as a public officer of the state with certain definite, fixed and legally established duties and obligations provided by the laws of the state of Washington and pertaining to the office held by him. . . .

"That on or about the 11th day of July, 1935, the defendants (except the corporate defendants) being then in Grays Harbor county, and then and there acting in concert and then and there acting and assuming to act as public officers of the state of Washington, being then and there in uniform and armed and equipped as such public officers and acting in concert as public officers and pursuant to a previous understanding, arrangement and agreement made between themselves, and that at all times assuming to act as public officers by virtue of their public official position and in virtue of their several public official positions, but being in truth and in fact public officers, but acting unlawfully and wrongfully and in excess of legal or lawful right, and without legal right so to do, inflicted certain damage and injury upon the plaintiff in this action, which is more particularly set out and described in the following paragraph; that the said defendants at all times assumed to act as public officers and specially appointed to execute certain duties; that all such acts were done without any legal right and contrary to the laws of the state of Washington and in violation of the oath of office taken by each of said individual defendants.

"That on or about the 11th day of July, 1935, the defendants, acting in concert and by previous understanding and as an armed body of public military officers, but at all times acting in excess of any actual legal authority or right to do the acts complained of and not acting under the authority of, or at the direction of, any civilian peace or police officers of Grays Harbor county, and wholly upon their own initiative as public military officers, and without any legal standing or authority as peace officers of Grays Harbor

county, and pursuant to a previous understanding, arrangement, agreement, and conspiracy, seized and set upon the plaintiff, Hubert Foy,. . . ."

It will be observed that the allegations seeking to create a local action are these: That they were then and there acting and assuming to act in concert and as public officers of the state of Washington, being then and there in uniform and armed and equipped as such public officers, and acting in concert as public officers and pursuant to a previous understanding, arrangement and agreement made between themselves, and at all times *assuming* to act as public officers; and that all such acts were done without any legal right and contrary to the laws of the state of Washington.

Those allegations are very general, indefinite and rather evasive. If they only *assumed* to act as public officers, they may have been usurping such authority and were not authorized so to do. If they did not, then they were acting merely as private citizens. At all events, they were not acting as public officers or by virtue of their offices.

Those facts distinguish this case from *State ex rel. McWhorter v. Superior Court,* 112 Wash. 574, 192 Pac. 903, chiefly relied upon by counsel for plaintiff in the principal action. In that case, it was made clear by the pleading that McWhorter, who was an agent of the state humane bureau, acted under color of, and in virtue of, his office as such agent. That cause of action was begun in King county, and McWhorter was a resident of Yakima county. Upon an amended complaint being filed, which this court said was filed at a most opportune time, showing that the action was purely local and governed by the provisions of Rem. Rev. Stat., § 205, it was triable only in the county where the cause arose. As was said in that case:

"The cause of action was the same, only it had been imperfectly stated in the original complaint; for, if the additional matter stated in the amendment be true, then, it would seem, the superior court of King county is the only one in which the case could be commenced, else, upon the appearance of those additional facts in the course of the trial in the superior court of another county, the action would have to be dismissed for want of jurisdiction."

That is not true here, however. This is a purely transitory action, although plaintiffs have sought diligently to make it appear an action local to Grays Harbor county.

■ When the action is a transitory one, one who is sued in a county other than that of his residence is entitled to a change of venue, under Rem. Rev. Stat., §§ 208 and 209, to the county in which the defendants or one or more of them reside.

In this case, these relators join in the application of one of the defendants for the action to be transferred to the county of his residence.

There is no disputed question of fact in this case as to the residence of relators, as to which the discretion of the trial court would be invoked as a matter of fact upon the question of residence. *State ex rel. Conley v. Superior Court,* 106 Wash. 569, 181 Pac. 50. See, also, *State ex rel. Schlosberg v. Superior Court,* 106 Wash. 320, 179 Pac. 865.

In *State ex rel. De Lape v. Superior Court,* 156 Wash. 302, 286 Pac. 851, we said:

"In *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905, Judge Chadwick, speaking for the court and citing our prior decisions touching the right of a defendant to have the venue of an action of this nature in the superior court of the county of his residence, said:

" 'Under Rem. Code, §§ 207, 208 and 209, one who is sued in a county other than that of his residence

is entitled to a change of venue, if the action be a transitory one.

" 'While it may in general terms be referred to as a privilege, the claim for a change of venue, when once asserted, no question of fact being involved and no discretion of the court invoked, is more than a privilege; it is a right. It has been so held whenever and wherever this court has been called upon to pass upon the question.'

"This view is adhered to in our decisions in *State ex rel. Poussier v. Superior Court*, 98 Wash. 565, 168 Pac. 164; *State ex rel. Schlosberg v. Superior Court*, 106 Wash. 320, 179 Pac. 865; *State ex rel. Owen v. Superior Court*, 110 Wash. 49, 187 Pac. 708, and *State ex rel. Russell v. Superior Court*, 113 Wash. 253, 193 Pac. 678."

Such is this case.

■ Under no definition that we have discovered can relators be considered public officers, within the meaning of § 205, *supra*.

Many definitions are quoted and cited in *State v. Spaulding*, 102 Iowa 639, 72 N. W. 288, which we approve. Among others are:

" 'A public office is an agency for the state, and the person whose duty it is to perform the agency is a public officer.' 19 Am. & Eng. Enc. Law, 382. . . . Every office is considered public, the duties of which concern the public. *People v. Hayes*, 7 How. Prac. 248; *People v. Bedell*, 2 Hill, 196. . . . 'The true test of a public office seems to be that it is a parcel of the administration of government, . . . or is itself created directly by the lawmaking power.' *Eliason v. Coleman*, 86 N. C. 241. . . . ' "Public office," as used in the constitution, has respect to a permanent trust to be exercised in behalf of the government, or of all citizens who may need the intervention of a public functionary or officer, and in all matters within the range of the duties pertaining to the character of the trust.' *In re Hathaway*, 71 N. Y. 238. 'Whoever has a public charge or employment affecting the public is said to hold or to be in office.' *Rowland v. Mayor*, etc., 83 N. Y. 376. . . . 'Where, by virtue of law,

a person is clothed, not as an incidental or transient authority, but for such time as denotes duration and continuance, with independent power to control the property of the public, or with public functions to be exercised in the supposed interest of the people, the service to be compensated by a stated yearly salary, and the occupant having a designation or title, the position so created is a public office.' *State v. Brennan* (Ohio) 29 N. E. Rep. 593; *State v. Hocker* (Fla.) 22 South. Rep. 721."

The officer sued in the *McWhorter* case, *supra,* came within one or more of the foregoing definitions. He was a duly deputized state officer. Anything seemingly to the contrary in that case was disregarded in the *De Lape* case, *supra.*

*State ex rel. Robinson v. Superior Court,* 181 Wash. 541, 43 P. (2d) 993, cited by respondent, although not wholly apt, holds that an action against a state officer acting entirely outside of the scope of his authority is not one against the state and need not be commenced in Thurston county. In effect, it is contrary to the contention of respondent. See, also, definitions of public officers in *State ex rel. Barney v. Hawkins,* 79 Mont. 506, 257 Pac. 411, 53 A. L. R. 583, approved by this court in *State ex rel. McIntosh v. Hutchinson,* 187 Wash. 61, 59 P. (2d) 1117.

It is plain that the relators in the action below are not public officers within the purview of the statute; that they are sued as individuals and not as officers; and that the act, or acts, complained of were not alleged to have been done by virtue of their official positions. The allegations of the complaint should be positive and unequivocal, otherwise the action immediately becomes transitory.

We have consistently held that, where a party has a right, independent of the merits of the issues pending, to a trial in a particular place, an extraordi-

nary legal remedy, such as certiorari, mandamus or prohibition, is the proper method of procedure to test that right in this court. *State ex rel. Gamble v. Superior Court,* 190 Wash. 127, 66 P. (2d) 1135.

We are not here concerned with the merits of the action. Whether or not relators, as individuals, were justified in using force against the parties named in the complaint, or used more force than was necessary, are questions to be determined by a court or a jury. Relators do not and have never contended that they are not subject to the jurisdiction of the civil courts, as of course they were and are, under all American jurisprudence, under our constitution, and all others.

*Campbell v. Gilkyson,* 78 N. J. Law 327, 75 Atl. 160; *State v. Mayor, etc., of Jersey City,* 42 Atl. (N. J.) 782; *Fluke v. Canton,* 31 Okla. 718, 123 Pac. 1049; *Franks v. Smith,* 142 Ky. 232, 134 S. W. 484, L. R. A. 1915A, 1141; *Ela v. Smith,* 5 Gray (Mass.) 121, 66 Am. Dec. 356; *Luther v. Borden,* 48 U. S. 1; and *McCall v. McDowell,* 15 Fed. Cas. 1235, have no application to a proceeding such as this, where it is a mere question of the right of the parties to be tried in their own local jurisdiction. Some of them are under different statutes and not involving any issue present in this case.

The order under review is reversed, and the cause remanded to the superior court with directions to grant the motion for change of venue.

MAIN, MILLARD, and GERAGHTY, JJ., concur.

BEALS, J. (concurring in the result)—It is a rule of pleading that, as against a demurrer, a complaint shall be liberally construed, and if it can be held that a cause of action is stated, even though inartistically set forth, a complaint is not obnoxious to demurrer upon the ground of insufficient facts. A different rule applies to a complaint tested by a motion for a change of venue.

A defendant is entitled to be sued in the county of his residence, unless for some special reason the venue of the action may be laid elsewhere. The burden of drafting a complaint which will require a defendant to answer in some county other than that of his residence rests strongly upon the plaintiff.

In this proceeding, the plaintiff is vigorously contending that he is charging the defendants as state officers, and because of the provisions of Rem. Rev. Stat., § 205, may require them to answer his complaint in Grays Harbor county. Four complaints have been drafted. The trial court held, and this court agrees, that, under three of them, the defendants were entitled to a change of venue.

The complaint now before us, while it alleges that the defendants were regularly commissioned officers of the national guard of the state of Washington, and "acting and assuming to act as public officers of the state of Washington," etc., as set forth in the opinion of the majority, is vague, indefinite, and inconclusive, strongly suggesting, as I read it, that the plaintiff seeks to hold the case in Grays Harbor county upon the ground that the defendants are named and charged as public officers, while including inconsistent allegations which will enable him to try the case upon the theory that the defendants were not acting as public officers, but as individuals wrongfully assuming to act as public officers.

It would be a very simple matter to allege that the defendants were public officers, and that, as such, they performed certain acts which plaintiff contends rendered them liable to him in damages. After four attempts, the plaintiff has failed to present any such complaint. Construing the complaint against the pleader, as in my opinion should be done here, I am of the opinion that the motion for change of venue

should be granted, irrespective of whether or not it should be held that an officer of the national guard of this state is a public officer, within the meaning of Rem. Rev. Stat., § 205, above referred to.

I therefore concur in the result reached by the majority.

STEINERT, C. J., and ROBINSON, J., concur with BEALS, J.

TOLMAN, J. (dissenting)—The universal rule is that surplusage does not vitiate, and therefore the third amended complaint, from which the majority quotes, is not to have its definite, vital allegations construed away simply because it contains other and unnecessary allegations. The pleading shows the parties charged to be officers of the state national guard, appointed by the governor, and therefore public officers of the state. It then charges:

". . . and then and there acting . . . as public officers of the state of Washington . . . inflicted certain damage and injury upon the plaintiff . . . more particularly set out and described in the following paragraph; . . ."

Clearly, the defendants are thus charged as public officers.

The national guard is subject to the call of the governor in times of peace, and when so called into active duty, it becomes an arm of the state government, to be used for any lawful purpose. Its officers become public officers under practically every one of the definitions quoted by the majority from *State v. Spaulding,* 102 Iowa 639, 72 N. W. 288.

Rem. Rev. Stat., § 205 [P. C. § 8542], reads:

"Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:

"1. For the recovery of a penalty or forfeiture imposed by statute;

"2. Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who, by his command or in his aid, shall do anything touching the duties of such officer."

If subdivision 2 of that section means anything at all, it means that an officer of the national guard on active duty within the state, in time of peace, who performs an act by virtue of his office, may be sued for anything resulting from such act in the county where the act was performed.

I therefore dissent.

BLAKE, J., concurs with TOLMAN, J.

