[No. 30427. Department Two. January 27, 1948.]

THE STATE OF WASHINGTON, *on the Relation of B. M. Anton-sen et al., Plaintiff,* v. THE SUPERIOR COURT FOR GRAYS HARBOR COUNTY, *A. E. Graham, Judge, Respondent.*[1]

*Neal, Bonneville & Hughes* and *L. R. Bonneville, Jr.,* for relators.

*Poyhonen & Stritmatter,* for respondent.

BEALS, J.—In this proceeding, the relator seeks to review,

[1]Reported in 189 P. (2d) 219.

by way of an application for a writ of prohibition, an order of the superior court for Grays Harbor county denying relator's motion for a change of venue. On relator's application, an order to show cause was issued, requiring the respondent judge to show cause why the superior court for Grays Harbor county should not be restrained from proceeding further with the trial of the action in which the motion for a change of venue was presented.

Briefs having been filed, and this court having heard the arguments submitted by counsel for relator and for respondent, the question hereinafter discussed is presented for decision.

Arthur Ross (to whom we hereinafter refer as respondent), as plaintiff, instituted an action before the superior court for Grays Harbor county against the relator, B. M. Antonsen, seeking recovery for damages to his automobile, occasioned while he was driving across a bridge in Grays Harbor county.

It appears that relator, a resident of Pierce county, where he is engaged in business as "Antonsen Painting Company," at the time the damage referred to in respondent's complaint was suffered, was operating a paint-spraying outfit painting the bridge above referred to; that, while the automobile was crossing the bridge, paint was sprayed over the respondent's automobile, damaging the car, and that, to recover for such damage, this action was instituted.

The venue of the action was laid in Grays Harbor county, upon the theory that the cause of action was within the purview of Laws of 1941, chapter 81, p. 203, § 1, Rem. Supp. 1941, § 205 [P.P.C. § 102-3]. The chapter referred to concerns the venue of actions and provides that actions based upon certain specified grounds "shall be tried in the county where the cause, or some part thereof, arose: . . ."

Subsection 3 of the act reads as follows:

"For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle accident plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if

there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action."

Relator moved for a change of venue, upon the ground that he, the defendant in the action, was a resident of Pierce county, and that the cause of action set forth in the respondent's complaint was not a cause ". . . arising from a motor vehicle accident; . . ."

The question here presented is novel and not free from difficulty.

As argued by relator, it is doubtless true that the principal reason for the enactment of the statute referred to was to relieve a person suffering damages by reason of an automobile accident from the burden of suing the person believed responsible for the accident in another, and, possibly, a distant, county from that in which the accident occurred. Relator admits that the cause of action stated in the complaint herein constitutes an accident, but argues that the allegations of the complaint do not state a cause of action based upon "a motor vehicle accident."

It is not denied by counsel for respondent that relator is, in fact, a resident of Pierce county, the only question presented being the applicability of the section of the statute above quoted to the situation before the trial court for decision. We are not here concerned with the merits of the action, but merely the question of venue.

Relator argues that, from the admitted facts, this court should hold that any damages suffered by respondent did not arise from "a motor vehicle accident," within the terms of the statute referred to above.

Prior to the enactment of the statute referred to, difficult factual questions were frequently presented as to the proper county in which actions for damages resulting from the operation of motor vehicles should be tried. These difficulties may be illustrated by reference to the case of *State ex rel. Nielsen v. Superior Court*, 7 Wn. (2d) 562, 110 P. (2d) 645, 115 P. (2d) 142.

Counsel for relator, after searching for a definition of the term "motor vehicle accident," cites only the case of *State v. Masters*, 106 W. Va. 46, 144 S. E. 718, in which the supreme court of West Virginia held sufficient an indictment, charging the defendant with a crime, drawn pursuant to a statute requiring the operator of a vehicle, in case of an accident, to stop immediately, and, upon request, give his name, address, and so forth. Referring to the word "accident," as contained in the statute, the court held that the word " . . . contemplates any situation occurring on the highway wherein a party so operates his automobile as to cause injury to the property or person of another using the same highway."

In the light of the question to be decided, the statement of the court was clearly correct, but it does not appear that the court intended to comprehensively define a motor vehicle accident, as such an accident would clearly include damage done by a motor vehicle, in operation, to person or property whether on or away from the highway. In the case cited, the court was not concerned with formulating an adequate definition of the phrase "motor vehicle accident," but was deciding the question presented upon the facts disclosed by the record before it.

In this state, we have no statutory definition of the phrase "motor vehicle accident," as contained in the statute above quoted, and, undoubtedly, other questions will, in the future, be presented for decision, in connection with which the application of the statutory phrase, "motor vehicle accident," to a state of facts involving the proper venue for trial of an action in which a motor vehicle was in some manner concerned, will be involved. Such questions must be answered as they arise, each case to be considered in the light of its own peculiar facts.

Decisions of other jurisdictions, construing venue statutes which differ from the statute of this state, are seldom helpful in deciding a question such as that here presented.

The procedure in bringing before this court for review orders of the superior court granting or denying changes

of venue has not been consistent. Such orders have been brought before us by applications for writs of mandate, prohibition, and certiorari.

It is manifest that, in cases where the jurisdiction of the superior court was challenged by a motion for a change of venue, the remedy by appeal from the final judgment was inadequate, and that the jurisdiction or lack of jurisdiction of a superior court should be determined by this court by a review of the order of the superior court in question by which that court ruled that it had or did not have jurisdiction to hear the proceeding or action.

It also, in the course of time, became evident that, in many cases, questions concerning the venue of an action which did not involve jurisdictional matters should, when decided by the superior court, be promptly reviewed by this court so that the forum before which the action should be tried might be definitely determined prior to the opening of the trial.

In the early case of *State ex rel. Wyman, Partridge & Co. v. Superior Court*, 40 Wash. 443, 82 Pac. 875, 111 Am. St. 915, 2 L. R. A. (N.S.) 568, this court considered an application for a writ of mandate to require the superior court for Spokane county to proceed with a hearing upon writs of garnishment, in answer to which the garnishee denied indebtedness to the defendants in the main action. The superior court granted an application for a change of venue, on the ground of convenience of witnesses. This court entertained the proceeding, holding that the superior court had jurisdiction to determine the forum before which the matter should be heard, and denied the writ.

In the case of *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N.S.) 395, this court denied an application for a writ of prohibition, holding that an order of the superior court determining its jurisdiction would not be reviewed by this court on an application for a writ of prohibition, the remedy by appeal being adequate. The court distinguished the case of *State ex rel. Wyman, Partridge & Co. v. Superior Court*,

*supra,* because the error there complained of could not be corrected by an appeal from the court in which the error, if any, was committed, and for this reason the remedy by appeal was not adequate.

In *State ex rel. LaFurgey v. Superior Court,* 47 Wash. 154, 91 Pac. 639, this court denied a writ of prohibition sought by the relator to prohibit the respondent court from proceeding with the trial of the action, after denying a change of venue to another county. It appeared that the trial court had issued a temporary injunction, and that an appeal therefrom was then pending before this court. It was held that the remedy by appeal was adequate, and the writ of prohibition was denied.

In the case of *State ex rel. Griffith v. Superior Court,* 96 Wash. 41, 164 Pac. 516, this court entertained an application for a writ of certiorari to review an order of the superior court denying a motion for a change of venue, and issued the writ, with directions to grant a change of venue.

In the case of *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F, 905, this court granted a writ of prohibition restraining the superior court from proceeding with the trial of an action in which a motion for a change of venue had been denied, holding that the relator was entitled to a change of venue as of right.

In the case of *State ex rel. Schlosberg v. Superior Court,* 106 Wash. 320, 179 Pac. 865, upon an application for writs of certiorari and mandate, whereby the relator sought to review an order denying a change of venue, this court denied both writs, holding that, if the action of the superior court was based upon a question over which the court could exercise its discretion, the exercise of such discretion would not ordinarily be controlled by peremptory writs in advance of an appeal.

In the case of *State ex rel. Owen v. Superior Court,* 110 Wash. 49, 187 Pac. 708, this court granted a writ of prohibition, there being no disputed question of fact involved, holding that the defendant (relator) was entitled as of right to the change of venue demanded, which the trial court had denied.

A writ of mandate was granted in the case of *State ex rel. Ross v. Superior Court,* 132 Wash. 102, 231 Pac. 453.

In *State ex rel. Shook v. Superior Court,* 141 Wash. 651, 252 Pac. 103, an application for a writ of mandate was denied. Relator's application for a change of venue, based upon alleged convenience of witnesses, presented a question within the discretion of the trial court, consequently, any error inhering in the ruling of the trial court might be reviewed on appeal from the final judgment.

In the case of *State ex rel. Merritt v. Superior Court,* 147 Wash. 690, 267 Pac. 503, a writ of mandate was granted requiring the superior court to grant a change of venue, it being held that the denial by that court of the plaintiff's motion amounted to an abuse of discretion.

In *State ex rel. Schmidt v. Nevins,* 180 Wash. 356, 39 P. (2d) 990, an application for a writ of mandate was denied, no abuse of discretion on the part of the trial court appearing.

In *State ex rel. Gamble v. Superior Court,* 190 Wash. 127, 66 P. (2d) 1135, this court, on application for a writ of certiorari, reversed an order of the superior court denying the relator's motion for a change of venue, and directed that the motion be granted.

In *State ex rel. Hand v. Superior Court,* 191 Wash. 98, 71 P. (2d) 24, this court, sitting *En Banc,* on an application for a writ of certiorari, granted the writ, and reversed the order presented for review, with directions to grant relator's motion for a change of venue.

In *State ex rel. Beffa v. Superior Court,* 3 Wn. (2d) 184, 100 P. (2d) 6, this court denied an application for a writ of mandate to require the superior court to grant a change of venue. Many of our prior decisions were discussed, and the writ was denied, no abuse of discretion on the part of the trial court being disclosed by the record.

In *State ex rel. Nielsen v. Superior Court,* 7 Wn. (2d) 562, 110 P. (2d) 645, 115 P. (2d) 142, an application for a writ of mandate, requiring the superior court to grant a change of venue, was denied, upon the ground that, in refusing to order that the venue of the action be changed,

the discretion of the trial court was exercised upon reasonable grounds.

 From the cases above cited, it appears that this court has reviewed, on the merits, by way of applications for extraordinary writs, the action of a superior court in granting or denying a motion for change of venue. These cases include not only questions presenting matters of jurisdiction but also instances in which the trial court exercised its discretion. The matters have been brought before us by applications for writs of mandate, prohibition, and certiorari.

The appropriate method by which such a question may be presented to this court is by way of an application for a writ of certiorari. In the case at bar, we are presented with the question of whether or not the trial court should be prohibited from signing an order which has already been accomplished. In the instant case, the writ of prohibition is not appropriate, but, in view of our former decisions, we entertain relator's application and consider the same as an application for a writ of certiorari.

In the case at bar, pursuant to instructions from the chief justice, the judge of the trial court (the nominal respondent herein) has prepared and forwarded to this court a certified copy of the proceedings in the court below, and a proper record is therefore before us for review by way of a writ of certiorari.

 The question to be here determined, upon the record, is one difficult of decision. Respondent's automobile was damaged, as is alleged in his complaint, while the motor vehicle was in operation. The automobile did not cause any damage to person or property, but was itself injured by an agency operated by relator, or his servants, and under his control.

Without attempting to define a "motor vehicle accident," as that phrase is contained in the statute above cited, we hold that the cause of action stated in respondent's complaint is not one "for the recovery of damages arising from a motor vehicle accident," and that the trial court

erred in denying relator's motion for a change of venue to the county of relator's residence.

The order of the trial court, denying relator's motion for a change of venue, is reversed, and the proceeding is remanded to the superior court for Grays Harbor county with instructions to grant relator's motion.

STEINERT, ROBINSON, JEFFERS, and HILL, JJ., concur.